661 So.2d 633 (1995)
Violet Anderson JOHNSON, et al., Plaintiffs-Appellants,
v.
AUTOMOTIVE CASUALTY INSURANCE COMPANY, et al., Defendants-Appellees.
No. 27,362-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
*634 Nelson, Hammons & White by Allen Parker Self, Shreveport, for Appellants.
Powers & Associates by Steven A. Queyrouze, Kenner, for Appellees, Devin Hughes and Automotive Casualty Insurance Company.
Nelson & Achee by James S. Denhollem, Shreveport, for Appellee, Allstate Insurance Co.
Barro & Strickland by Kelly W. Strickland, Shreveport, for Appellee, Louisiana Insurance Guaranty Association.
Before HIGHTOWER, WILLIAMS and STEWART, JJ.
WILLIAMS, Judge.
The single issue presented on appeal is the adequacy of general damages awarded to appellant, Violet Anderson, as a result of an automobile accident. For the following reasons, we amend the trial court's judgment to increase the general damage award.

FACTS
The automobile accident giving rise to this litigation occurred on January 19, 1990 in Bossier City, Louisiana. Ms. Anderson's vehicle, in which her two children were passengers, was struck broadside by a vehicle driven by Devin Hughes, who had disregarded a red signal light. There is no dispute that the accident was solely the fault of Mr. Hughes. Automotive Casualty Insurance Company, which insured Hughes' vehicle, later became insolvent and the Louisiana Insurance Guaranty Association (LIGA) was substituted as a defendant in this action.
Ms. Anderson's medical records, medical expenses and lost wages were introduced into evidence at the trial. Counsel for the parties stipulated that these items were causally connected to the automobile accident. Ms. Anderson's medical expenses were $ 7,520.20 and her lost wages were $ 1,689.90, for a total amount of $ 9,210.10. The trial court awarded Ms. Anderson these amounts as part of the judgment.
*635 Ms. Anderson testified that during the collision, her head hit the window of her automobile. Both children were shaken up, and one child, Derrick, bumped his head against a window. Ms. Anderson stated that immediately following the impact, she felt a severe burning pain down her back, and she did not have the strength to open the car door. Both children were screaming, but she noticed no cuts or abrasions on either herself or her children. A family friend, who came upon the accident scene shortly after the collision, took care of her children while Ms. Anderson was removed from the car and transported to the hospital by ambulance.
The next day, the children's father took them to the hospital to be examined because Derrick was complaining of a headache and had a knot on the side of his head. Other than this minor physical injury, the main residual effect on the children appeared to be their fear of being in another accident. The children's father corroborated Ms. Anderson's testimony regarding the injuries of the children. Each child was awarded $77.76 for medical expenses and $1,000.00 for pain and suffering. These awards have not been appealed.
Ms. Anderson testified that after arriving at the hospital emergency room, she was examined and x-rays were taken, but that the results were inconclusive. She was discharged later that evening. Subsequently, Ms. Anderson was treated by Dr. Joffrion, an orthopedic specialist, from January 22 through September 12, 1990. She complained of severe neck pain and weakness on her left side. Dr. Joffrion prescribed physical therapy, but Ms. Anderson attended only four therapy sessions because she concluded that the therapy was not helping her. In addition to prescribing medications for Ms. Anderson, Dr. Joffrion scheduled several tests including an MRI and EMG. The MRI did not reveal any definitive evidence of injury, but the EMG indicated some nerve impairment.
Dr. Joffrion then referred Ms. Anderson to Dr. Ramos for a neurosurgical evaluation. Dr. Ramos recommended steroid injections, and Ms. Anderson underwent three sets of such injections over a period of several weeks. On those occasions, an epidural was injected into her spinal column in an attempt to alleviate her pain.
Despite the above described treatment, Ms. Anderson testified that she still felt pain at the time of trial. She indicated a need to be careful about the way she moved and turned her head, and that she continued to have weakness in her left hand and arm. She further testified that she continued to take up to sixteen 200 mg tablets of Motrin or Ibuprofen daily.
Although neither of the treating physicians nor any other health professional testified at trial, Ms. Anderson's medical records included letters from Dr. Ramos and Dr. Joffrion to her counsel. The letter from Dr. Ramos, dated August 19, 1992, indicated that an MRI of Ms. Anderson's cervical spine failed to show any abnormality and that he believed her recovery should be complete. The letter from Dr. Joffrion, dated August 28, 1990, discussed Ms. Anderson's treatment history and concluded that he did not find any evidence of a permanent injury.
The trial court awarded Ms. Anderson $ 500.00 for pain, suffering and mental anguish. The court offered no explanation as to why her award was only half of the amount awarded to each of the children.

DISCUSSION
Ms. Anderson asserts that the trial court abused its discretion by making an inadequate general damage award. The trial judge apparently believed Ms. Anderson's testimony concerning her injuries and gave her an award for pain, suffering and mental anguish. While we cannot determine how the trial court interpreted the letters of Dr. Ramos and Dr. Joffrion, the relatively low general damage award suggests that the trial judge concluded that Ms. Anderson was exaggerating the extent and severity of her injuries.
An appellate court can disturb a trial court's general damage award only when the record clearly reveals an abuse of discretion, and then can only modify the award by lowering it to the highest point, or raising the award to the lowest point, which is reasonably *636 within the trial court's discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The initial inquiry must be whether the trier of fact's award for the particular injuries and their effects upon the particular injured person is a clear abuse of the trial court's discretion. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that a trial court award is inadequate or excessive. Reck v. Stevens, 373 So.2d 498, 501 (La.1979).
Here, the impact of the collision occurred on the driver's side of the automobile, pushing Ms. Anderson's car into another vehicle. After the collision, Ms. Anderson felt pain, was unable to open the car door and had to be removed from the vehicle. She received pain medication and attended several physical therapy sessions, as recommended by her physician.
An EMG conducted on September 14, 1990, revealed some nerve impairment. Dr. Ramos, Ms. Anderson's neurologist, examined her and deemed it necessary to prescribe steroid injections to alleviate her pain. Subsequently, Ms. Anderson underwent three separate procedures, during which an epidural was injected into her spinal column.
Although Ms. Anderson's physicians did not find any evidence of permanent injury, there is no question that she received treatment for a significant part of the year. In addition, she continued to complain of pain, headaches and difficulty in sleeping throughout this period of time.
Considering all of the circumstances of this case, the effects of the injuries as described above, and giving due regard to the trier of fact's great discretion, we must conclude that the trial judge abused his discretion in awarding the amount of $500.00 in general damages to Ms. Anderson. Accordingly, we must now modify the award by increasing the amount to the lowest point reasonably within the trial court's discretion.
In light of the facts and circumstances of this case, and after a review of prior awards in similar cases, we conclude that the award for general damages should be raised to the amount of $4,000.00. See generally Kimble v. Reason, 626 So.2d 6 (La.App. 1st Cir. 1993); Andres v. Liberty Mutual Insurance Company, 568 So.2d 651 (La.App. 3rd Cir. 1990); Graham v. Edwards, 614 So.2d 811 (La.App. 2d Cir.), writ denied, 619 So.2d 547 (La.1993); and Collins v. Bentley, 24,457 (La. App. 2d Cir. 10/26/94), 645 So.2d 283.
Finally, we observe that although counsel for LIGA has raised certain arguments in brief on appeal that, if meritorious, would require amendment of the trial court's judgment, LIGA neither appealed nor answered plaintiff's appeal. In this situation, we cannot consider LIGA's requests. See Jones v. Winston, 437 So.2d 889 (La.App. 2d Cir.1983); and LSA-C.C.P. art. 2133.

CONCLUSION
For the above stated reasons, we affirm the trial court's judgment in all respects except with respect to plaintiff's general damage award, which we hereby amend and increase to $ 4,000.00. Costs of appeal shall be borne by appellee.
AFFIRMED AS AMENDED.
HIGHTOWER, J., concurs in the result, but questions whether an award of less than $4,000 is not reasonably within the trial court's discretion.