717 So.2d 277 (1998)
Rufus MANUEL, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE COMPANY and Judith McDonald, Defendants-Appellees.
No. 30765-CA.
Court of Appeal of Louisiana, Second Circuit.
August 19, 1998.
William E. Armstrong, Monroe, for Plaintiff-Appellant.
Theus, Grisham, Davis & Leigh by Thomas G. Zentner, Jr., Monroe, for Defendant-Appellees.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
GASKINS, Judge.
The plaintiff, Rufus Manuel, appeals from a trial court judgment awarding him $4,000.00 in general damages following an auto accident, claiming the award is excessively low. For the following reasons, we affirm the trial court judgment.

FACTS
On September 25, 1996, the plaintiff was slowing for a stop sign on Louisville Avenue in Monroe, Louisiana, when his car was struck from the rear by a vehicle driven by *278 Meredith McDonald, a minor, and owned by her mother, Judith McDonald. As a result of the impact, the plaintiff sustained injuries to his low back, middle back, and right shoulder. He also complained of headaches which he did not have prior to the accident.
The plaintiff filed suit against Judith McDonald as natural tutrix of her daughter, Meredith, and against State Farm Mutual Automobile Insurance Company, Ms. McDonald's insurer. The matter was heard in the trial court on August 7, 1997. The parties stipulated that the defendants had insurance coverage with State Farm and stipulated the defendants' liability. The exhibits in this case, including the deposition of the plaintiff's treating physician, Dr. J.D. Patterson, were also admitted pursuant to a stipulation between the parties. Further, the plaintiff testified that State Farm had already paid him $300.00 for the damages to his automobile. The only issue before the court was the amount of special and general damages sustained by Mr. Manuel.
The plaintiff testified that he is a twentysix year old barber. He claimed that, when his vehicle was struck from behind by the McDonald vehicle, his body was jerked forward and backward, injuring his lower and middle back and his shoulder. He also stated, that as a result of the accident, he began having headaches. He described the headaches as the least painful of his injuries and the lower back pain as the most painful. The plaintiff stated that his injuries affected his ability to reach high and to bend over. He also reported difficulty in sleeping comfortably and in playing basketball. Employed as a barber, the plaintiff missed two or three days work and lost $50.00 per day in wages. Also, because he could not stand for extended periods of time, the plaintiff had to space out his appointments and take more frequent breaks.
The plaintiff sought medical treatment from Dr. Patterson on September 26, 1996, the day after the accident, and was treated until January 28, 1997, when he was discharged from treatment. After being discharged from treatment by his physician, the plaintiff claimed that he continued to have lower back pain for about one month. However, by the time of trial on August 7, 1997, the plaintiff testified that he had fully recovered.
Dr. Patterson testified in his deposition that, upon initial examination, the plaintiff exhibited pain in the right shoulder girdle as well as the middle and lower back. He also had some limitation in range of motion in his back when bending backward and forward. Dr. Patterson determined that, as a result of the accident, the plaintiff suffered lumbar and sacral strain, right shoulder strain, and post traumatic headaches. These symptoms were treated with moist heat and short wave diathermy therapy, exercise, and medication for pain and for muscle relaxation. Dr. Patterson noted that, although the plaintiff experienced some muscle spasms during his course of treatment, when he was released on January 28, 1997, he had full range of motion with only slight pain. According to Dr. Patterson, he anticipated that the plaintiff would make a full recovery within a few weeks.
The trial court concluded that the plaintiff's injuries were a direct result of the accident and awarded special damages of $2,020.84, including three days lost wages, medical expenses and medication. The trial court also awarded the plaintiff $4,000.00 in general damages and taxed costs to the defendants. The plaintiff appeals the trial court judgment, arguing that the general damage award is excessively low.

GENERAL DAMAGES
The plaintiff complains that the trial court general damage award of $4,000.00 in this case is excessively low and seeks an increase to $9,500.00. We find this argument to be without merit.
In assessing damages in cases of offenses, quasi-offenses and quasi-contracts, much discretion is left to the trier of fact. La. C.C. art. 2324.1. Before an appellate court may disturb such an award, the record must clearly reveal that the trial court abused its broad discretion in making the award, based on the facts and circumstances peculiar to the case and the individual under consideration. Youn v. Maritime Overseas *279 Corp., 623 So.2d 1257 (La.1993), cert. denied 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Only after an articulated analysis of the facts discloses an abuse of discretion is examination of prior awards in similar cases proper. If the award is abusively low, it is raised to the lowest amount the trier of fact could reasonably have awarded. If the award is abusively high, it is reduced to the highest amount the trier of fact could have awarded. Dixon v. Tillman, 29,483 (La. App.2d Cir.5/7/97), 694 So.2d 585, writ denied 97-1430 (La.9/19/97), 701 So.2d 174. The proper procedure for examining whether the award is excessive is to determine whether the amount can be supported under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the trier of fact. Likewise, to determine if an award is inadequate, the evidence must be viewed in the light most favorable to the defendant. Graham v. Edwards, 614 So.2d 811 (La.App. 2d Cir.1993), writ denied, 619 So.2d 547 (La.1993).
Employing the foregoing appellate standards we find that the trial court did not abuse its discretion in awarding the plaintiff $4,000.00 for general damages. The plaintiff did not require medical assistance at the accident and drove his vehicle from the scene. He sustained soft tissue injuries which required no surgery or hospitalization and for which he received conservative medical treatment over a period of four months. The injuries caused the plaintiff to miss two to three days of work and to adjust his schedule to include more breaks for a period of time. He had completely recovered from all ill effects by five months. When the record is reviewed in a light most favorable to the defendant, the general damage award does not constitute an abuse of the trial court's great discretion.
Parenthetically, a consideration of comparative awards reveals similar results. See Day v. Silver Oak Casualty, Inc., 28,566 (La.App.2d Cir.8/21/96), 679 So.2d 486 (increasing to $3,500.00 an award for arm, shoulder and cervical strain that required treatment for up to seven months after a rear-end collision); Jones v. Thomas, 27,140 (La.App.2d Cir.8/23/95), 660 So.2d 86, writ denied 95-2351 (La.12/8/95), 664 So.2d 426 (affirming a general damage award of $2,500.00 to plaintiff in auto accident who suffered muscle strain of neck, back, and shoulder as well as a contusion of the left hip, lacerations of the left hand and left side of the face, requiring her to miss two and onehalf weeks of work and which injuries were resolved within two to three months of the accident); Johnson v. Automotive Casualty Insurance Company, 27,362 (La.App.2d Cir.9/27/95) 661 So.2d 633 (increasing to $4,000.00 an award to plaintiff injured in auto accident who suffered pain in the neck and weakness on her left side which required steroid injections); Hill v. Sampson, 628 So.2d 81 (La.App. 2d Cir.1993) (affirming a $3,000.00 award to plaintiff who suffered mild to moderate neck and back strain and underwent extensive physical therapy for two weeks and contended he was still in pain at the time of trial); Graham v. Edwards, supra, (awarding $3,500.00 to plaintiff who suffered injuries to neck, wrist, middle back and knees and had to cut back on his work as a barber for several weeks following auto accident in which he was injured).
Cases cited by the plaintiff in support of a higher award generally involved more severe injuries than those suffered by Mr. Manuel.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment. Costs in this court are assessed to the plaintiff.
AFFIRMED.