JjKOSTELKA, J.
In this suit arising out of an automobile accident, plaintiff, Wilbert Wilson (“Wilson”) appeals a judgment in his favor, challenging the award for damages as inadequate. Finding no clear error in the judgment below, we affirm.

Facts and Procedural History

On the morning of December 4, 1996, the automobile in which Wilson was riding as a passenger was involved in a collision with another vehicle, owned and operated by Dora Fountain (“Fountain”) and insured by Allstate Insurance Company. Immediately after the impact, Wilson felt a soreness in his knees but believed the pain would subside. He did not seek emergency treatment. That same evening, however, Wilson began experiencing pain in his right shoulder.
Still complaining of pain and seeking recovery for his damages, Wilson filed suit against Fountain and her insurer in May 1997.[1] After trial on the merits, the district court determined, and the finding has not been contested on appeal, that the accident was caused by the sole negligence of Fountain. The impact between the vehicles occurred at low speed and the physical damage to the car in which Wilson was a passenger was minimal. Finally, the court concluded that Wilson had suffered soft tissue injuries to his knees and right shoulder of a short duration — the court particularly concluded that a calcification later discovered in Wilson’s shoulder was not related to the accident. Accordingly, Wilson was awarded $2,500 as compensation for his pain and suffering.
Wilson appeals, complaining that his shoulder problem continues and, thus, he is entitled to an increased sum of general damages. Likewise, based upon this alleged long-term pain and disability, Wilson argues that he is entitled to future medical expenses as well as reimbursement for his lost wages. Defendants respond that the evidence supports the award made by the trial court.

\9Piscussion

General damages involve mental or physical pain and suffering, inconvenience, loss of intellectual or physical enjoyment, or other losses of lifestyle which cannot be measured exactly in monetary terms. Sallis v. City of Bossier City, 28,483 (La.App.2d Cir.09/25/96), 680 So.2d 1333, writs denied, 96-2592, 96-2599 (La.12/13/96), 692 So.2d 376, 1063. The trial court has much discretion in the assessment of damages in tort cases. La. C.C. art. 2324.1. The discretion vested in the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
Only after an articulated analysis of the facts discloses an abuse of discretion is examination of prior awards in similar cases proper; an abusively low award is *376 raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded. Dixon v. Tillman, 29,483 (La.App.2d Cir.05/07/97), 694 So.2d 585, writ denied, 97-1430 (La.09/19/97), 701 So.2d 174. The proper procedure for examining whether an award is inadequate is to determine whether the amount can be supported under the interpretation of the evidence most favorable to the defendant which reasonably could have been made by the trier of fact. Manuel v. State Farm Mut. Auto. Co., 30,765 (La.App.2d Cir.08/19/98), 717 So.2d 277. The facts of the instant case amply support the lower court award.
laOn December 12, 1996, eight days after the accident, Wilson sought treatment from a chiropractor, Dr. Kerry Tar-vin, for both his knee pain and his shoulder pain. The chiropractor prescribed hot packs, electric muscle stimulation, and traction. By the end of January 1997, Wilson’s knee pain had resolved. However, in that he still complained of shoulder problems, Dr. Tarvin referred Wilson to an orthopedist. Dr. Tarvin also treated Wilson for neck injuries sustained in a March 1997 automobile accident. The chiropractor maintains, however, that the second accident had no adverse effect on Wilson’s shoulder condition.
The orthopedist, Dr. Austin Gleason, first saw Wilson on January 22, 1997[2] and diagnosed the reported shoulder pain as rotator cuff syndrome. Based solely on the history provided by the patient, Dr. Gleason believed the injury to have been caused by the December 1996 automobile accident. While Wilson still complained of pain on his second visit to Dr. Gleason, February 4, 1997, he reported that his shoulder was not “hanging up” anymore. Dr. Gleason stated that this was indicative of the shoulder healing.
Wilson did not seek treatment from Dr. Gleason again until January 28, 1998. At that time, Wilson again related that he was experiencing pain as well as a popping sensation in his right shoulder. X-ray examination revealed a calcification in Wilson’s shoulder. Dr. Gleason stated that such a calcification can be trauma induced. Yet, he also indicated that this condition could have pre-dated the December 1996 automobile accident. Finally, Dr. Gleason acknowledged that Wilson’s job repairing transmissions could certainly cause rotator cuff problems. |4After this visit with Dr. Gleason, Wilson declined to seek any further medical treatment for his complaints.
At defendants’ request, Wilson submitted to an independent medical examination by another orthopedist, Dr. Gordon Mead. After examining the patient and reviewing reports, records, and x-rays from Wilson’s prior treatments, Dr. Mead concluded that the calcification found by Dr. Gleason was, indeed, old and likely pre-dated the automobile accident at issue in this suit. Dr. Mead further concluded that the bony mass was not likely causing any significant problem. In conclusion, Dr. Mead opined: “I am unable to substantiate this gentleman’s complaints of pain with any objective findings. Therefore, based on objective findings, I do not find any permanent impairment. I would not recommend any further evaluation or treatment.”
Based upon the foregoing, the trial court concluded that Wilson had suffered soft tissue injuries to his knees and right shoulder. The $2,500 award indicates that the court believed the accident-related pain to be of a short duration despite Wilson’s complaints of continued discomfort. Indeed, the court specifically found that any pain caused by the calcification in Wilson’s *377 shoulder was not related to the December 1996 accident. Defendants suggest that Wilson’s problems had resolved prior to the second accident in March 1997. Such an interpretation of the evidence would not be unreasonable.
Wilson additionally argues that the trial court erred when it allowed recovery for the care provided by and testing requested by Dr. Gleason in connection with the January 1998 visit but did not award general damages in this respect. The general rule that a fact-trier commits legal error in awarding special damages for medical expenses but denies general damages, Chambers v. Graybiel, 25,840 (La.App.2d Cir.06/22/94), 639 So.2d 361, writ denied, 94-1948 (La.10/28/94), 644 So.2d 377, is inapplicable in the instant situation. Wilson was | ¡^entitled to a diagnositc evaluation of his continued pain even though it was ultimately determined not to be related to the December 1996 accident. Absent a showing of bad faith on Wilson’s part, defendants are still responsible for these medical expenses. Cf. Boggs v. Voss, 31,965 (La.App.2d Cir.06/16/99), 741 So.2d 139.
In light of the reasonable conclusion that Wilson’s injuries resolved within several weeks of the accident, we likewise find no merit in Wilson’s arguments that he is entitled to damages for long-term lost wages and future medical expenses.

Conclusion

Accordingly, for the foregoing reasons, the judgment below is affirmed at Wilson’s costs.
AFFIRMED.

. Gregory Lewis, the driver of the automobile in which Wilson was a passenger, joined in the suit filed against these defendants. Lewis settled all matters with defendants prior to trial.

. In his brief, Wilson makes much of the fact that the court's reasons for judgment indicate that his first visit with Dr. Gleason was in January 1998 rather than January 1997. Read in context, however, this is clearly a typographical error rather than a substantive mistake as suggested by Wilson. Particularly, the trial court notes that after this first visit, Wilson returned to see Dr. Gleason in February 1997.