804 So.2d 724 (2001)
Ashlynn P. HUNT, Plaintiff-Appellee,
v.
SAFEWAY INSURANCE COMPANY, and Lasonia Sowers, Defendants-Appellants.
No. 35,306.
Court of Appeal of Louisiana, Second Circuit.
December 5, 2001.
Rehearing Denied January 17, 2002.
*725 Tracy L. Oakley, Ruston, Counsel for Appellants.
Russell A. Woodard, Ruston, Counsel for Appellee.
Before NORRIS, BROWN and CARAWAY, JJ.
CARAWAY, Judge.
The defendants appeal the trial court's judgment which awarded plaintiff damages resulting from an automobile accident. The defendant-insurer argues that the trial *726 court erred in assessing its insured with 100% liability. Defendants also argue that plaintiff's residual facial scars were not caused by the accident, and that the trial court's damage awards are abusively high. For the following reasons, we affirm.

Facts
On January 7, 1998, at about 5:00 P.M., plaintiff, Ashlyn Hunt ("Hunt"), was driving north on U.S. Highway 167 in Jackson Parish. At the same time, Lasonia Sowers ("Sowers") was driving south on U.S. Highway 167. Both women were approaching the highway's intersection with Louisiana Highway 813-3. As Sowers reached the intersection, she turned left into Hunt's path, colliding with Hunt's vehicle.
Although not raining at the time of the accident, the weather was cloudy, and it began to rain immediately thereafter. Officer Johnny Shively, assistant chief of police for Hodge, arrived at the accident scene at 5:02 P.M. Officer Shively testified that he did not have his headlights turned on when he arrived at the scene. Hunt likewise had not turned on her headlights prior to the accident. Sowers testified that the accident happened near sunset, that it was not yet dark, and that one could drive safely without headlights. Sowers stated that her headlights were on and that she activated her windshield wipers on the "delay" setting. Sowers admitted that she simply turned in front of Hunt and did not see her.
As a result of the crash, Hunt hit the windshield and lost consciousness. She was transported to Jackson Parish Hospital. Hunt regained consciousness while en route to the hospital, but "couldn't really open [her] eyes," because of dried blood on her face. At the hospital, doctors treated injuries to Hunt's left eye. Hunt had glass embedded around her left cheek and eye, and her eyelid was "shoved up into ... her... forehead." Hunt also complained of pain in both knees. Hunt was later transported to LSU Medical Center ("LSUMC") in Shreveport by ambulance.
At LSUMC, doctors administered local anesthesia and pain medication to extract the glass from around Hunt's left eye. Her left eyelid was badly torn and required stitches on both the inside and the outside of the lid. Hunt spent the night at LSUMC for observation and went home the following day.
Hunt filed suit against Sowers and her insurer, Safeway Insurance Company ("Safeway"). Following a bench trial, the trial court issued written reasons for judgment. The trial court found that Sowers was entirely at fault for the accident. The court found Hunt, age twenty at the time of the accident, now has permanent scarring to her face and other injuries due to the accident. The trial court awarded $17,500 in general damages and special damages as stipulated to by the parties, totaling $7,121.40.
Safeway and Sowers appeal, urging four assignments of error: (1) That the trial court failed to assess any fault to Hunt for failing to have her headlights on at the time of the collision; (2) That the trial court erred in ruling that Hunt's scarring was caused by the accident; (3) That the trial court's general damage award of $17,500 is abusively high; and (4) That the trial court's award for Hunt's property damage in the amount of $2,533.40 is manifestly erroneous.

Discussion

Victim Fault
Defendants urge that the trial court should have assigned 50% of the fault for the accident to Hunt, alleging that Hunt should have had her headlights on under the circumstances. In support of this position, *727 defendants cite La. R.S. 32:301, which provides, in pertinent part, as follows:
Every vehicle upon a highway within this state shall display lighted lamps and illuminating devices as hereinafter respectively required for different classes of vehicles subject to exception with respect to parked vehicles at any of the following times:
(1) At any time between sunset and sunrise.
(2) When, due to insufficient light or unfavorable atmospheric conditions, persons and vehicles on the highway are not clearly discernable at a distance of five hundred feet ahead.
(3) When moisture in the air or precipitation necessitates the continuous use of windshield wipers....
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Stobart v. State Through Dept. of Transp. & Development, 617 So.2d 880 (La.1993); Rosell, supra.
From our review of the record, the trial court's decision to find no negligence on the part of Hunt is reasonably supported by the evidence. The investigating officer testified that he arrived at the scene of the accident during daylight, and that he did not have his headlights on when he arrived. A witness at the scene confirmed that it was not raining at the time of the accident. Also, Hunt testified that the accident occurred during daylight and that it was not raining. Sowers stated that there was nothing to interfere with her ability to see Hunt's car. Sowers admitted at trial that a person could safely drive without headlights under the same conditions she faced on the afternoon of the collision. Accordingly, appellants' argument for manifest error is without merit.

Causation
Seven months after the automobile accident, Hunt's left eye was cut a second time in another accident. Appellants' second assignment of error alleges that the significant scarring to Hunt's eye was caused from this second accident and that Hunt "misled" the court about these injuries. They thus assert manifest error regarding the issue of causation for the facial scarring upon which a large portion of the general damage award was based. The trial court's ruling specifically noted that two accidents occurred and therefore purported to take into account only the scarring from the first accident.
At trial, Hunt identified pictures of her face taken two weeks after the automobile accident. In three of the photos, Hunt's eyes are open and the scarring can be seen on the right side of her left eye above the eyelid. She identified and described to the trial court the scarring from the wreck, as follows:
The scar on the inside of my eye all the way up about mid-eyebrow and there's some scars right here on my nose and that's it.
She further testified that some of the hair on the right side of her eyebrow never grew back because of the scar. The LSUMC medical records show diagrams of the injury which is described as affecting the "upper eyelid" and "involving the trochlear nerve at brow area." From this evidence, the scarring that occurred from the automobile accident is clearly visible, and the implication in the appellants' argument that the scar was located only on the *728 fold of the lower eyelid and not apparent is not supported in the record.
The second scar, which also required stitches, is more in the center of Hunt's left eye and extends through and above the left eyebrow. While we agree with the appellants that the scar from the second accident is more visible, as it extends above the eyebrow, our review of Hunt's testimony does not indicate that her descriptions of both injuries were misleading. Also, the trial court had the benefit of Hunt's demonstrations, pointing out the locations of both injuries, and there is nothing in the written ruling of the court that indicates a mistaken identification of the injuries caused by this automobile accident.
Accordingly, since the record clearly reveals the location of both scars to the left eye and the injury to Hunt caused by the subject accident remains a permanent, visible scar, the trial court correctly based a portion of its award for general damages on scarring to the left eye. We find no manifest error regarding the causation and the identification of the scarring to Hunt's eye that resulted from this accident.

General Damages
The appellants charge that the trial court's general damage award of $17,500 is abusively high.
In Moody v. Blanchard Place Apartments, 34,587 (La.App. 2d Cir.6/20/01), 793 So.2d 281, this court explained the appellate review of an award of general damages:
"General damages" are those which are inherently speculative in nature and cannot be fixed with mathematical certainty, including pain and suffering. The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. La. C.C. art. 2324.1; Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Id.

Only after an abuse of discretion is disclosed by an articulated analysis of the facts is an examination of prior awards in similar cases proper; an abusively low award is raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded. DeYoung v. Simons, 32,378 (La.App. 2d Cir.10/27/99), 743 So.2d 851; Dixon v. Tillman, 29,483 (La.App. 2d Cir.5/7/97), 694 So.2d 585, writ denied, 97-1430 (La.9/19/97), 701 So.2d 174. The proper procedure for examining whether an award is excessive is to determine whether the amount can be supported under the interpretation of the evidence, most favorable to the plaintiff, which reasonably could have been made by the trier of fact. Manuel v. State Farm Mut. Auto. Co., 30,765 (La.App. 2d Cir.8/19/98), 717 So.2d 277.
The accident in this case was sufficiently severe to cause Hunt to lose consciousness. She regained consciousness in an ambulance on the way to the hospital, and saw her face caked with blood. Windshield glass was embedded in Hunt's face and her eyelid was split on the inside and outside. After Hunt was transported by ambulance to a second hospital, doctors removed the glass and repaired the lacerations with stitches. Hunt remained in the *729 hospital overnight for observation for a possible head injury. The eye injury caused significant swelling and bruising to Hunt's eye and caused her to miss work for two weeks. She incurred medical treatment costs of $3,988.86.
Hunt also suffered residual problems from the injury which she described as follows:
I have some eyelashes that growed downward and one of them rubs into my bottom eyelid and it constantly stays red. I have to pluck it about once a month or else my eye waters. I have a nerve in my head from here to here all the way down and back to the top corner of my head. If I touch it here I can pretty much feel it tingling every where.
Also, Hunt stated that she pulled additional pieces of glass out of her left cheek and eye area for some time after the accident. A CAT scan done at LSUMC on the night of the accident revealed glass around her left eye. Most significantly and discussed above, Hunt suffered permanent injury to her eye including scarring and damage to her eyelashes.
Under these circumstances, we do not believe that the trial court's award of $17,500 is an excessive award, and the trial court did not abuse its vast discretion.

Property Damages
By this assignment, appellants complain that the trial court erred in ruling that the parties stipulated to the value of Hunt's property damage claim, which was $2,533.40. Appellants deny that they stipulated to this amount and argue that the trial court mistakenly took this figure from an appraisal report. Plaintiff disagrees, asserting that the trial court's award was in accordance with the parties' stipulation during trial.
At the beginning of trial, plaintiff's counsel identified for the court all of Hunt's exhibits. During this recitation, the following exchange occurred:
Plaintiff's counsel (PC): ... Plaintiff's exhibit 17 is the agreed upon value of the automobile.
Defendants' counsel (DC): Let's mark that as J-1.
PC: Okay.
DC: I'll put a J-1 at the bottom for joint exhibit 1.
PC: That's fine.
DC: It's an appraisal for the plaintiff's vehicle, Your Honor. It's got an ACV on there andI marked it J-1 at the bottom.
Exhibit J-1 is a document from Fast Track Appraisal Service which appraised Hunt's vehicle, a 1990 Honda Civic with 221,273 miles. The document gives numerous estimates concerning the value of the car that are compiled into a final value captioned "ACV," a term not defined by the document. The "Base Book" value of the car is given as $3,800 and from that, the form subtracts $1,000 for mileage to give a Total Retail Book Value of $2,800. Three quotes from auto dealers averaged $2,830. The appraiser averaged the two values to arrive at a figure of $2,815, and from that average, subtracted $480. The $480 amount represented the estimate for repairing damage to the vehicle that existed prior to the crash. The calculation resulted in a "Suggested ACV" of $2,335, and to that figure the appraiser added $198.47 in sales tax, for a Grand Total of $2,533.47. The trial court awarded Hunt $2,533.40, seven cents less than the appraiser's figure, without comment.
Given the exchange at the commencement of trial, where defendants' counsel expressly referred to the ACV in the report, as well as requesting that the appraisal be marked as a joint exhibit, we find no error in the trial court's award of *730 property damages in accordance with the ACV.

Conclusion
For the above reasons, we affirm the judgment of the trial court in favor of Ashlyn Hunt and assign all costs of this appeal to appellants, Safeway Insurance Company and Lasonia Sowers.
AFFIRMED.

APPLICATION FOR REHEARING
Before NORRIS, C.J., BROWN, STEWART, CARAWAY, and DREW, JJ.
Rehearing Denied.