894 So.2d 1259 (2005)
Rachel A. SEALS, Individually and on Behalf of her Minor Children, Tabitha Nicole Arnold and Samantha Renee Arnold, Plaintiffs-Appellees,
v.
SHELTER INSURANCE COMPANIES, Virgil M. Fussell, Jr. and Patterson Insurance Company, Defendants-Appellants.
No. 39,252-CA.
Court of Appeal of Louisiana, Second Circuit.
March 2, 2005.
*1260 Kenner O. Miller, Jr., for Appellants Shelter Mutual Ins. Co., Joe Arnold and Virgil M. Fussell, Jr.
Henchy, Verbois, Futrell & Foil by Franklin J. Foil, for Appellant Virgil M. Fussell, Jr.
*1261 Michael L. Hebert, Baton Rouge, for Appellees Rachel A. Seals, Tabitha N. Arnold and Samantha R. Arnold.
Before WILLIAMS, STEWART and MOORE, JJ.
STEWART, J.
Shelter Insurance Companies, Virgil Fussell, Jr., and Joe Arnold d/b/a Arnold Brothers Trucking, Inc., (collectively "defendants") appeal the damage awards to Racheal Seals and her minor children, Tabitha Nicole Arnold ("Nicky") and Samantha Renee Arnold following an automobile accident. For the reasons that follow, we affirm the trial court.

FACTS
On June 17, 1995, Tabitha Arnold and Samantha Arnold were passengers in a pickup truck driven by their uncle, Virgil Fussell. It is believed that Fussell had been drinking. Nonetheless, he loaded five of his nieces, including the plaintiffs, into the truck for the purpose of going to retrieve a barbeque grill from his home.
While driving down a gravel road, Fussell lost control of his vehicle, flipping the truck. Tabitha and Samantha were both injured. One of the other children died as a result of the accident. Prior to the trial, all parties stipulated that Fussell was negligent in causing the accident at issue; therefore, the only triable issue was the amount of damages.
Trial was held on August 19, 2002. A judgment was signed June 30, 2003. However, plaintiffs filed a motion for new trial which was granted following a hearing on October 2, 2003. The purpose of the motion for new trial was to amend certain language in the June 30 judgment to more accurately reflect the parties' pretrial stipulations. A new trial was held January 28, 2004. All parties waived their appearance and submitted a judgment signed by all parties, and the trial judge signed this judgment February 13, 2004. That judgment awarded $11,199.91 in lost wages and $10,000.00 for loss of consortium to Racheal Seals; $75,000.00 in general damages, $7,583.50 in past medical expenses, and $2,130.00 in future medical expenses to Nicky Arnold; and $125,000.00 in general damages, $4,891.00 in past medical expenses, and $100,000.00 in future medical expenses to Samantha Arnold. This appeal ensued.

DISCUSSION

Standard of Review
La. C.C. art. 2324.1 provides, "In the assessment of damages in cases of offenses, quasi offenses and quasi contracts, much discretion must be left to the judge or jury." The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994); Morris v. Flores, 36,932 (La.App.2d Cir.3/7/03), 840 So.2d 1257; Hays v. State, 37,229 (La.App.2d Cir.9/24/03), 856 So.2d 64. Only when the record clearly shows that the trier of fact abused its discretion in awarding damages in either direction beyond that which a reasonable trier of fact would assess for the effects of a particular injury on a particular party under the particular circumstances should an appellate court either increase or decrease the award. Youn, supra. An appellate court's function is not to determine whether a different damage award may have been more appropriate, but whether the trial court's award is based on justifiable inferences from the evidence and is reasonably supported by the record. Summarell v. Ross, 27,160 (La.App.2d *1262 Cir.8/23/95), 660 So.2d 112. Defendants raise several issues concerning the general damage awards. However, for the reasons that follow, we find that none of these arguments have merit.

General Damages
General damages involve mental or physical pain and suffering, inconvenience, loss of intellectual or physical enjoyment, or other losses of lifestyle which cannot be measured exactly in monetary terms. Morris v. United Services, 32,528 (La.App.2d Cir.2/18/00), 756 So.2d 549; Sallis v. City of Bossier City, 28,483 (La.App.2d Cir.9/25/96), 680 So.2d 1333, writs denied, 96-2592, 96-2599 (La.12/13/96), 692 So.2d 376, 1063.
If an articulated analysis of the facts discloses such an abuse of discretion, then examination of prior awards in similar cases is proper; an abusively low award is raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded. Dixon v. Tillman, 29,483 (La.App.2d Cir.5/7/97), 694 So.2d 585, writ denied, 97-1430 (La.9/19/97), 701 So.2d 174; Higginbotham v. Ouachita Parish Police Jury, 513 So.2d 537 (La.App. 2d Cir.1987). Whether an award is excessive depends upon whether the amount can be supported under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the trier of fact. Likewise, to determine if an award is inadequate, the evidence must be viewed in the light most favorable to the defendant. Manuel v. State Farm Mut. Auto. Co., 30,765 (La.App.2d Cir.8/19/98), 717 So.2d 277.
A victim is entitled to compensation for an aggravation of a preexisting condition or injury. Tobin v. Wal-Mart Stores, Inc., 575 So.2d 946 (La.App. 2d Cir.), writ denied, 580 So.2d 923 (La.1991). Where a defendant's negligent action aggravates a preexisting injury, he must compensate the victim for the full extent of the aggravation. Cook v. Wal-Mart Stores, Inc., 540 So.2d 1017 (La.App. 2d Cir.1989). Consequently, the primary considerations in the assessment of damages are the severity and duration of the injured party's pain and suffering. Tobin, supra.
An examination of similar cases reveals that the trial court's award was not abusively high. In Frazer v. St. Tammany Parish Sch. Bd., 1999-2017 (La.App. 1 Cir. 12/22/00), 774 So.2d 1227, writ denied, XXXX-XXXX (La. 3/23/01), 787 So.2d 1001, the court affirmed a general damages award of $75,000 for injuries that a student sustained during a fight with classmates after disembarking from a school bus. He afterwards developed post-traumatic stress disorder and had many problems with memory and concentration, and he still experienced some of these problems at time of trial.
In Duncan v. Kansas City Southern Ry. Co., 99-232 (La.App. 3d Cir.11/3/99), 747 So.2d 656, affirmed 00-0066 (La.10/30/00), 773 So.2d 670, the court affirmed a mental anguish award of $250,000 and $100,000 for negligent infliction of emotional distress where a seven-year-old child was diagnosed with post-traumatic stress syndrome following a van accident where one of her sisters was killed and the other was rendered a quadriplegic.
In Henderson v. Nissan Motor Corp., 02-337 (La.App. 5 Cir. 1/14/03), 835 So.2d 919, rev'd on other grounds, XXXX-XXXX (La.2/6/04), 869 So.2d 62, the court awarded a plaintiff $90,000 in past mental anguish and $25,000 in future mental anguish for post-traumatic stress syndrome suffered *1263 when he was injured in a car accident and witnessed his fiancee being ejected from the car and sustaining serious life threatening injuries. He was treated by a clinical psychologist for over two years. Although he had improved, he had not fully recovered at the time of trial.
Lastly, in Hoyt v. State Farm Mut. Auto. Ins., 623 So.2d 651 (La.App. 1 Cir.1993), a 13-year-old boy sustained injuries to his head, neck, and back following an automobile accident where he was thrown from the bed of a pickup truck. He was in shock and taken to the hospital where he was diagnosed with a cerebral concussion. The jury originally awarded $22,500 based on medical bills of $5000. However, the trial judge entered a JNOV and increased the award to $60,000. But the appellate court increased the award to $75,000 solely for the post concussion syndrome, mental anguish, and pain and suffering.
Based on the above, we find that it was not abuse of discretion for the trial court to award Nicky $75,000 or Samantha $125,000 in general damages as a result of the accident at issue.
In his reasons for judgment, the trial judge noted that, in addition to the physical problems of broken teeth, cuts, scrapes, and bruises to her face and knees that resolved within six months of the accident, Nicky also suffered from post-concussive syndrome, fear, anxiety, and nightmares. She underwent treatment for her depression and related issues for one and a half years only to see moderate improvement in her condition. We find that an award of $75,000.00 in general damages was not an abuse of discretion.
Samantha was diagnosed with severe depression related to the accident, post-concussive syndrome and post-traumatic stress disorder, headaches, and neck pain. Prior to the trial, she required extensive therapy and treatment for depression. In fact, the trial judge also concluded that she will likely suffer from depression for the rest of her life, and need extensive therapy. Consequently, an award of $125,000.00 in general damages for mental anguish was not an abuse of discretion.
Further, we note that to the extent that the girls' emotional problems were the result of a strained relationship with their father, the court disregarded that aspect of their mental state, for it was clear that the psychological treatment was primarily due to the damages suffered as a result of the accident. And to the extent that the accident exacerbated any preexisting depression, we find no manifest error in the trial court's conclusion.

CONCLUSION
Based on the above, we affirm the trial court's award of damages to Nicky and Samantha. Costs assessed to the appellants.
AFFIRMED.