713 So.2d 1265 (1998)
Aron D. HEMPHILL
v.
LOUISIANA STATE BOARD OF NURSING, et al.
No. 97 CA 1090.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
*1266 Jill L. Craft, Baton Rouge, for Plaintiff/Appellant Aron D. Hemphill.
Robert J. Burns, Jr., Baton Rouge, for Defendant/Appellee Louisiana State Board of Nursing, et al.
Before FOIL, WHIPPLE and KUHN, JJ.
KUHN, Judge.
This is an appeal of the trial court's judgment which affirmed the decision of the Louisiana State Board of Nursing ("Board") and dismissed a petition for judicial review filed by petitioner-appellant, Aron D. Hemphill. Based on our conclusion that the Board lacks jurisdiction in this matter, we declare the Board's final order null and void, and we vacate the trial court's judgment dismissing appellant's petition for judicial review.

FACTUAL AND PROCEDURAL BACKGROUND
In August 1995, appellant was admitted to and enrolled in the Southern University ("Southern") School of Nursing. After successfully completing the initial phase of the nursing curriculum at Southern, appellant was advised by university personnel that he was required to contact the Board in order to obtain approval to commence the clinical phase of his nursing studies. On November 7, 1995, the Board issued an order to appellant directing that he show cause, on November 15, 1995, why admission into practice as a registered nurse student should not be denied. The Board's Show Cause Order stated that based on its information, appellant:
has been guilty of the violation of the Statute Governing the Practice of Nursing for the State of Louisiana and more particularly Louisiana R.S. 37:911 and particularly sub section 921 reading in part ...
C. Is unfit or incompetent by reason of negligence, habit, or other causes ...
D. Is habitually intemperate or is addicted to the use of alcohol or habit-forming drugs[.]
After adducing evidence at the November 15, 1995 hearing, the Board deliberated the matter, and on December 7, 1995, issued a final order. The Board's final order provides that appellant:
be denied approval to enter/progress to the next clinical course, and he may not request a hearing for the purpose of progressing to the next clinical course until two (2) years of continuous, documented sobriety is presented to the Board....[1]
On January 8, 1996, appellant filed a petition seeking judicial review of the Board's determination. After a hearing, in oral reasons, the trial court affirmed the decision of the Board and dismissed appellant's petition. A judgment in conformity with the trial court's ruling was signed on January 27, 1997. This appeal followed.

ISSUE
The sole issue presented in this appeal is whether the Board has jurisdiction to conduct a hearing or render an order against appellant.[2]

DISCUSSION
Appellant urges that the Board is without authority to discipline him. The crux of appellant's contention is that the act which *1267 establishes the Board and regulates, inter alia, the practice of registered nurses ("Part I of the Nurses Act," La. R.S. 37:911-931) does not delineate to the Board express powers to discipline student nurses in instances where the student nurse has not applied for a license or already obtained a license. Because appellant was a student nurse when the Show Cause Order was issued to him, he maintains the Board was without jurisdiction to assert its final order against him. He urges that the Board's final order denying him approval to enter/progress to the next clinical course be declared null and void.
On the date the Board issued the Show Cause Order, La. R.S. 37:913(4) stated that a student nurse means "any person who is enrolled in an approved school preparing for licensure as a registered nurse."[3] La. R.S. 37:918 sets forth the duties of the Board,[4] providing as follows:
The [B]oard shall:
A. Establish and publish minimum curriculum requirements and standards for persons seeking to be licensed under this Part.
B. Approve schools which meet the licensing requirements of the board.
C. Provide for hearings for nurse educational programs when approval is denied or withdrawn.
D. Establish and publish standards of nursing practice in accordance with those developed and accepted by the profession.
E. Examine, license, and renew licenses of duly qualified applicants.
F. Conduct hearings upon charges calling for discipline of a licensee.
G. Cause the prosecution of all persons violating any provision of this Part and have power to incur necessary expenses therefor.
H. Keep a record of all board proceedings.
I. Publish an annual report for distribution to the governor and the legislature.
J. Publish an annual roster, and distribute same for professional purposes.
K. Adopt, and revise rules and regulations necessary to enable the board to carry into effect the provisions of this Part.
L. Employ an executive director who holds a current Louisiana license to practice nursing as defined in this Act and other persons necessary to carry on the work of the board, define their duties, and fix their compensation.
M. Appoint an attorney at law to represent it in all matters pertaining to administration of the provisions of this Part, fix his compensation, and define his duties.
N. Have all other powers necessary and proper to the performance of their duties.
While the Board acknowledges that La. R.S. 37:918 does not expressly provide it with the power to regulate the conduct of student nurses, it asserts that under its necessary and proper powers provided in § 918(N), it has jurisdiction to issue a final order disciplining appellant.
Appellant asserts that under La. R.S. 37:929(D), the legislature has statutorily excluded student nurses from the scope of the Board's authority. Therefore, he urges, the Board is without statutory authority to discipline a student nurse who has neither applied for a license with nor been licensed by the Board. We agree.
La. R.S. 37:929 provides for exceptions to the application of the Part I of the Nurses Act stating in relevant part:
The provisions of this Part shall not apply to:
* * * * * *
D. The practice of nursing as an integral part of a program of study by student nurses enrolled in an approved school of nursing.
*1268 We note that the Show Cause Order notifying appellant of the basis of the proceeding against him stated that, based on the Board's information, he was guilty of violation of § 921. Under La. R.S. 37:921, the Board has been legislatively granted authority to "deny, revoke, or suspend any license to practice as a registered nurse or otherwise discipline a licensee" in enumerated instances;[5] however, nothing in the plain language of § 921 extends the enumerated power of the Board over an individual who has not already obtained a license to practice as a registered nurse or who is not a "licensee."
La. C.C. art. 9 instructs:
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
The Board has not asserted, and we do not find, that the language contained in § 929(D) is ambiguous. In accordance with the mandate of La. C.C. art. 9, we are required to apply the provisions of the law as written. Thus, we are duty-bound to hold that, under the plain language of § 929(D) of Part I of the Nurses Act, the disciplining of a student nurse by the Board when that student has not applied for licensure and/or has not already obtained a license is outside the scope of the authority granted to it by the legislature. Hence, in conformity with the provisions of Part I of the Nurses Act itself, the disciplining of a student nurse by the Board cannot be a "power[] necessary and proper to the performance of [the Board's] duties" under § 918(N). For these reasons, we must conclude the Board lacks jurisdiction to assert a disciplinary action against appellant.[6] A judgment rendered by a tribunal which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.

DECREE
In conformity with our determination, the trial court's judgment affirming the determination of the Louisiana State Board of Nursing in the final order and dismissing the petition for judicial review by Aron D. Hemphill is vacated. The final order issued by the Louisiana State Board of Nursing on December 7, 1995, denying Aron D. Hemphill approval to enter/progress to the next clinical course is declared null and void. Costs of this appeal in the amount of $868.78 are assessed against the Louisiana State Board of Nursing.
JUDGMENT OF THE TRIAL COURT IS VACATED; FINAL ORDER OF THE LOUISIANA STATE BOARD OF NURSING IS DECLARED NULL AND VOID.
NOTES
[1] The Final Order sets forth several stipulations which appellant is required to perform before he may request a hearing to advance in his studies. The order specifies that appellant contract with a health professional in a Board-approved treatment team who would supervise and monitor appellant in fulfilling several enumerated requirements. The requirements include: (1) submission to a comprehensive psychiatric, psychological and substance abuse evaluation; the evaluation is to be reduced to writing and forwarded to the Board and shall include diagnosis, course of treatment, prescribed or recommended treatment and prognosis; (2) submission to treatment or therapy as recommended by the health professional; (3) submission, on a monthly basis, to random urine screening for the presence of drugs; (4) monthly meetings with the health professional to review treatment plan, progress and recommendations; and (5) no misconduct, criminal violations or convictions or violations of health care regulations reported to the Board or the healthcare professional monitoring appellant.
[2] Although appellant assigned several assignments of error, because we conclude that the Board lacks jurisdiction in this matter, we consider only that issue in this appeal.
[3] By La. Acts 1995, No. 633, § 1, effective January 1, 1996, the Louisiana legislature amended the provisions which establish the Board and regulate the practice of registered nurses. We refer to the statutes in their pre-amendment form in conformity with the parties' assertions in brief.
[4] La. R.S. 37:918 was again amended, by Acts 1997, No. 311, § 1. As noted, supra at n. 1, in conformity with the parties' assertions, we refer to § 918 in its form prior to the legislative amendments.
[5] On the date the Board issued the Show Cause Order, La. R.S. 37:921 provided:

The board may deny, revoke, or suspend any license to practice as a registered nurse or otherwise discipline a licensee upon proof that the person:
A. Is guilty of selling or attempting to sell, falsely obtaining, or furnishing any nursing diploma or license to practice as a registered nurse;
B. Is guilty of a felony;
C. Is unfit or incompetent by reason of negligence, habit or other causes;
D. Is habitually intemperate or is addicted to the use of alcohol or habit-forming drugs;
E. Is guilty of aiding or abetting anyone in the violation of any provisions of this Part;
F. Is mentally incompetent; or
G. Has violated any provisions of this Part.
[6] On appeal, the Board filed a motion to strike certain "extraneous exhibits" from the record which appellant filed into the record attached to a memorandum in support of his petition for judicial review, subsequent to the proceeding before the Board and prior to the judicial review hearing at the trial court. La. R.S. 49:964(E) states that before additional evidence can be received by the trial court on a petition for judicial review of an agency determination, leave of court must be obtained on a showing that the additional evidence is material and that there were good reasons for failure to present that evidence in the agency proceeding. The record does not reflect that the requirements of § 964(E) have been met. Accordingly, we grant the Board's motion to strike. We note that while appellant urges that we take judicial notice of the "extraneous exhibits," because we have resolved this matter without necessity of those documents, we decline to do so.