h JONES, Judge.
Defendant/appellant, the Louisiana State Board of Dentistry (Board), appeals the decision of the district court finding that the imposition of a civil penalty against the plaintiff, Teri Dyer, in the amount of $5,000 for each offense of unauthorized practice of dentistry was improper. The district court also vacated the Board’s assessment of costs, attorney’s fees and interest against Ms. Dyer. After reviewing the record, we affirm the district court’s judgment.

FACTS

Teri Dyer, and her husband, Johnny Dyer, were employed as laboratory technicians in Baton Rouge when they incorporated a business in 1989 called Premier Dental Laboratory, Inc., (Premier). According to Ms. Dyer, Premier was a business designed to fabricate and repair dentures. One year after Premier was incorporated, the Dyers purchased a recreational vehicle and created a subsidiary to Premier called Mobile Dental Lab (Mobile Lab). The purpose of the Mobile Lab was to provide dental service for nursing home patients throughout the state of ^Louisiana without requiring the patients to come to the dentist office for treatment or service.
Because the Dyers were not licensed dentists, they entered into an informal agreement with Dr. James Ballard in 1991. According to them agreement, Dr. Ballard was required to travel with the Dyers in the Mobile Lab, supervise the fabrication or repair of the patient’s dentures, and to render his professional expertise after evaluating the patients. Ms. Dyer was responsible for soliciting contracts from various nursing homes across the state, preparing the invoices and necessary paperwork for payment from Medicare, charting or making notations in the patients’ medical charts, and assisting Dr. Ballard. Normally, the Dyers would arrive at the nursing homes in the Mobile Lab and set up the dental equipment in a room reserved for the Mobile Lab to visit with patients. The lab technicians would then begin servicing the patients’ dentures while Dr. Ballard met with the patients. During the examination, Ms. Dyer would make notations in the patients’ charts.
On November 27, 1996, Mobile Lab was scheduled to make visits to two of the nursing homes that contracted with the Dyers — South Lafourche Nursing Home (SLNH) and Receland Manor (Receland). On this date, Mobile Lab arrived at SLNH, but Dr. Ballard did not arrive at the nursing home as schedule because he had to testify in a adoption proceeding in West Feliciana Parish. While Mobile Lab was positioned at the nursing home, the directors of SLNH, accused Ms. Dyer of engaging in the unauthorized practice of dentistry with six of its patients. SLNH ^subsequently terminated its contract with Mobile Lab, and the Dyers later terminated Premier’s mobile dental services.
On January 9, 1999, an adjudication hearing was held before the Dentistry Board. Four days later, the Board rendered its decision, finding that Ms. Dyer did indeed engaged in six counts of the unauthorized practice of dentistry.[1] As a result, the Board assessed a $5,000 civil penalty against Ms. Dyer for each count, *751 along with all costs of the Committee’s proceedings, including attorney’s fees, stenographer fees, investigative and witness fees and expenses, and per diem expenses for each Committee member.
On February 10, 1999, Ms. Dyer filed a Petition for Judicial Review in the district court alleging that the Board’s decision was unconstitutional and in excess of its statutory authority granted to an administrative body pursuant to LSA-R.S. 49:964(A). Further, Ms. Dyer alleged that the Board’s decision was not supported by the evidence presented at the hearing. After hearing oral arguments, the district court vacated the Board’s decision, and concluded that the Board did not have the statutory authority to impose a civil penalty upon a non-licensed individual. After finding that the Board lacked jurisdiction over Ms. Dyer, the district court preter-mitted any discussion on the constitutionality of LSA-R.S. 37:788 et seq.[2] It is from this judgment that the Board filed the instant appeal.
[ ADMINISTRATIVE AUTHORITY
In this assignment of error, the Board argues that the district court erred in finding that the Board had exceeded its statutory authority when it imposed a civil penalty on Ms. Dyer. The Board argues that both LSA-R.S. 36:259(E)(2) and LSA-R.S. 36:803 grants to it the right to “exercise all of the powers, duties, functions and responsibilities of policy making, rule making, certification, licensing, regulation, enforcement, or adjudication.” The Board also argues that LSA-R.S. 37:788 authorizes it to levy a civil penalty of $5,000 against any person who has been found to have engaged in the illegal practice of dentistry after a hearing or informal resolution. Therefore, considering that Ms. Dyer did not dispute the fact that she had not been issued a license to practice dentistry on the date in question, the Board argues that it acted within its statutory authority to levy the civil penalty against Ms. Dyer following the adjudication proceeding. Therefore, the Board argues that the district court’s judgment should be reversed.
In rebuttal, Ms. Dyer argues that while LSA-R.S. 36:803 does confer upon the Board the authority to regulate the licensing and enforcement of all rules regulating the profession, it does not extend to the Board the authority to discipline individuals who have never been licensed to practice dentistry. Moreover, Ms. Dyer argues that the Board’s adjudicative power found in LSA-R.S. 37:778 only grants it the right to either revoke, suspend or restrict a person’s right to practice — a power that is immaterial in this case since she was never licensed to practice dentistry in the beginning.
Moreover, Ms. Dyer argues that once a non-licensee has been found to have engaged in the unauthorized practice of dentistry, the Board’s only recourse would have |,r;been to submit its findings of fact before the appropriate tribunal and request further adjudication. In this case, Ms. Dyer argues that the Board usurped the jurisdiction of the district court and decided to. impose a fine upon her even though it had no jurisdiction to do so. Ms. Dyer further argues that the mandatory five-year sentence and/or $5,000 fine which is imposed upon any one who violates LSA-R.S. 37:788 is a function of the criminal court system, not an administrative agency.[3] We agree.
LSA-R.S. 37:751 defines the term “dentistry,” as follows:
“Dentistry” means the evaluation, diagnosis, prevention and treatment, including non-surgieal, surgical, or related *752 procedures, of diseases, disorders, and conditions of the oral cavity, maxillofa-cial areas and the adjacent and associated structures and their impact on the human body provided by a dentist with in the scope of his education, training, and experience, in accordance with the ethics of the profession and applicable law.
However, before the applicant can possess the title of “dentist” or “dental hygienist” (defined in LSA-R.S. 37:751) he must pass a specific examination, which consists of clinical demonstrations and oral and written tests that are administered by a licensing board known as the Louisiana State Dentistry Board. See LSA-R.S. 37:765. In addition to its power to license individuals to practice dentistry, the Board can also conduct hearings or proceedings to revoke, limit, or suspend a dentistry license; the Board is also empowered to conduct hearings to sanction unlicensed persons illegally practicing dentistry or dental hygiene. See LSA-R.S. 37:760(4)(a) and (b).
Both parties agree that the Board has the exclusive right to regulate the dentistry profession; however, the controversy is whether the Board’s authority to ^regulate the dentistry profession may be enforced upon those who have not received a license. Reading LSA-R.S. 36:803, 37:760, 37:776, 37:778 and 37:788 together, it appears that the Board’s disciplinary power is specifically limited to revoking, suspending or restricting the professional licenses of those individuals who are either in possession of a currently valid license or to those who have a temporarily suspended or revoked license. LSA-R.S, 37:788 B(3) states in pertinent part:
The board may levy a civil penalty of no more than five thousand dollars per offense upon any unlicensed person, who, after a hearing or informal resolution in accordance with all provisions of the Administrative Procedure Act and the Dental Practice Act, is found to have practiced dentistry or dental hygiene without the benefit of a currently valid license having been issued by this board. (Emphasis added).
First of all, we agree that LSA-R.S. 36:803 does allow the Board the exclusive right to create and enforce all of the rules and regulations pertaining to the licensing and certification of dental hygienist. We also recognize that LSA-R.S. 37:778 allows the Board to hear charges of “any person” accused of practicing dentistry without a license. (Emphasis ours). However, the issue before this Court is whether the Board’s power to regulate and control the profession can be extended to cover the imposition of disciplinary actions over non-licensees who are found to have engaged in the illegal practice of dentistry.
Additionally, we find that the statutes regarding the Board’s regulatory and disciplinary powers does not necessarily grant to the Board the jurisdiction to discipline individuals, like Ms. Dyer, who has neither qualified nor has been issued a license to practice dentistry. In fact, LSA-R.S. 37:776 provides twenty-nine (29) instances where the Board may choose to either suspend, revoke, restrict or refuse |7to issue a dentistry license to a current licensee who has engaged in some form of unprofessional conduct. (Emphasis ours).
More specifically LSA-R.S. 37:776(10), provides that a dentist or dental hygienist may have disciplinary actions taken against them if they employ, procure, induce, aid or abet a person not licensed or registered as a dentist to engage in the practice of dentistry. Furthermore, the legislature’s use of the term “currently valid license” in LSA-R.S. 37:788 B(3) does give the strong implication that the person accused of violating the statute possessed either an expired, suspended or revoked license at the time of the alleged act. Hence, we find that the Board’s authority to discipline “unlicensed persons” *753 as applied in LSA-R.S. 37:760(4)(a) does not encompass non-licensees.[4]
Moreover, in Allen v. Louisiana State Bd. Of Dentistry, 531 So.2d 787 (La.App. 4 Cir.1988), this Court found that there was sufficient evidence to discipline the plaintiff I dentist under the Dental Practice Act for allowing his in-house laboratory technicians to practice dentistry while in his office. See 531 So.2d at 794 (Emphasis added).[5] The dentist in Allen argued that the statute provided exceptions for in-house laboratory technicians, but this Court held that the purpose of the statute [LSA-R.S. 37:755] was to prevent dentists from allowing non-licensees to practice dentistry regardless of whether the non-licensees are employed by the dentist to do work outside his office or within his office. This IsCourt also held that the legislators would have specifically listed any exceptions to the statute if certain exceptions were intended. Id.; cf. Hemphill v. Louisiana State Bd. of Nursing, 97-1090 (La.App. 1 Cir. 6/29/98), 713 So.2d 1265, unit denied 98-2036 (La.11/6/98), 728 So.2d 392 (holding that the State Board of Nursing did not have jurisdiction to discipline a university nursing student who neither applied for licensure nor had been issued a nursing license.)[6] Thus, we find that the jurisprudence and the applicable statutes listed herein only allow the Board to discipline its licensees who, or who may improperly allow non-registered persons to practice dentistry.
Having found that the Board’s disciplinary powers are confined to those individuals who have already acquired their dentistry licenses, we find that the Board was without jurisdiction to impose a civil penalty upon Ms. Dyer for her actions at the South Lafourche Nursing Home on November 27, 1996. Therefore, we find no error in the trial court’s reversal of the Board’s ruling, which imposed a civil penalty upon Ms. Dyer for each count of illegal practice of dentistry. We also find that all disciplinary powers over non-licensees for the unlawful practice of dentistry is reserved for the district courts according to LSA-Const. Art. 5, § 16.[7]
Considering that the district court declined to discuss the merits of the case or rule on the constitutionality of LSA-R.S. 37:788, we will also pretermit any discussion on these issues as well. Further, we will also pretermit any discussion 1 non Ms. Dyer’s answer to the appeal until the district court has had the opportunity to rule on the merits of the case.

*754
DECREE

For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

. Dyer was originally charged with eight (8) counts of unauthorized practice of dentistry, but the remaining two counts, which derived from her actions a Raceland Manor, were dismissed because of a lack of competent evidence.

. Because the district court did not render a decision on the merits of the Board’s findings of fact, we shall limit the scope of this decree to the Board's authority to assess civil penalties against non-licensed persons.

. See LSA-R.S. 37:789.

. LSA-R.S. 37:760(4)(a) entitled "Powers and Duties of the Board” states that the Board has the power to:
Conduct hearings on proceedings to revoke, limit, or suspend, and to revoke, limit, or suspend a license granted under this Chapter, as well as conduct hearings to sanction unlicensed persons illegally practicing dentistry or dental hygiene, when evidence has been presented showing violation of any of the provisions of this Chapter.

. Allen was later reversed on other grounds by the Louisiana Supreme Court in 543 So.2d 908 (La.1989). However, this Court subsequently upheld the suspension in the plaintiff’s second appeal. See Allen v. State Bd. of Dentistry, 603 So.2d 238 (La.App. 4 Cir.1992).

. In Montalbano v. Bd. of Medical Examiners, 560 So.2d 1009 (La.App. 4 Cir. 1990), this Court affirmed the decision of both the State Board of Medical Examiners and the trial court in suspending the plaintiff/physician’s license for assisting and aiding a non-physician in the practice of medicine on his patients. The physician was also disciplined for allowing the non-physician to use the physician's professional name, licensure status, and taxpayer identification number when examining and billing his patients. (Emphasis added).

. (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (Emphasis added).