MAX N. TOBIAS, JR., Judge.
| Jfhe Louisiana State Board of Practical Nurse Examiners (the “Board”), the defendant/appellant, appeals the judgment of the trial court granting the exception of prescription filed by the plaintiff/appellee, Wren Robichaux. After examining the record on appeal and applicable law, we reverse the judgment and remand the matter to the trial court for further proceedings.[1]
The facts are not in dispute. Ms. Robi-chaux was admitted to the Practical Nursing Program at Louisiana Technical College, Delta Ouachita Campus (hereinafter LTC-DO) in August 2007. As part of the *1131 admission process, she completed a form entitled “Evaluation Form for Admission to an Approved Practical Nursing Program” (hereinafter “2007 evaluation form”); it was signed by her on 30 October 2007. Thereafter, the form was signed by her faculty advisor, Ava Stennett, R.N., who certified that the applicant had a health certificate from a licensed physician, and that the 2007 evaluation form was complete and accurate. |aThe health certificate, signed by Ms. Robichaux’s physician on 10 January 2007, indicated that the plaintiff had a long-term illness but was mentally, physically, and emotionally capable of handling the daily stressors and duties of a student or licensed nurse.[2]
The 2007 evaluation form was forwarded to the Board for review; it was received on 14 January 2008 and reviewed on 20 February 2008. The Board took no action in response to its review of the 2007 evaluation form.
Ms. Robichaux was dismissed from the nursing program by her faculty advisor on 2 May 2008. Ms. Stennett sent a complaint via email to the Board five days later, notifying them that the plaintiff did not answer “yes” to Question No. 10 on the 2Ó07 evaluation form which stated:
Do you now have or have you ever had a physical, mental, or emotional condition that might affect your ability to practice as a student practical nurse or licensed practical nurse?
Because of this answer and some disciplinary matters, Ms. Robichaux was dismissed from the program but had been placed in the class that was to begin in August 2008.
Ms. Robichaux was readmitted to the program in August 2008. As part of the admission process plaintiff completed another evaluation form (“2008 evaluation form”). The 2008 evaluation form was completed and signed by her on 25 August 2008 and, thereafter, signed by her new faculty advisor, Carmen Denton, who certified that the plaintiff had a health certificate from a licensed ^physician. The second health certificate, signed by her physician on 24 September 2008, again indicated that Ms. Robichaux had a long-term illness but was mentally, physically, and emotionally capable of handling the daily stressors and duties of a student or licensed nurse.
The 2008 evaluation form was forwarded to the Board. It was received on 17 September 2008 and reviewed five days later. The Board took no action in response to its review of the 2008 evaluation form.
Ms. Robichaux graduated from the program in May 2010 and applied to the Board on 25 May 2010 for permission to take the NCLEX exam for a license. Ms. Denton, her faculty advisor, sent the Board a letter dated 7 June 2010, stating that Ms. Robichaux had no disciplinary issues or excessive absenteeism related to illness in her second enrollment in the nursing program at LTC-DO.
On 1 June 2010, Ms. Robichaux received a letter from the Board, informing her that there were several issues to be addressed before her application could proceed.[3] By letter dated 29 June 2010, the Board conditioned its permission to take the licensing test upon Ms. Robichaux accepting disci *1132 pline in the form of a letter of reprimand for “being guilty of fraud or deceit in procuring or attempting to procure a license to practice practical nursing ...” and paying an assessment of $500.00 to the Board. The fraud and deceit was alleged to be due to her answering “No” to Question No. 10 on the 2007 and 2008 evaluation forms.
|4Ms. Robichaux refused to consent to the letter of reprimand and requested a hearing before the Board on 6 July 2010.
Formal charges were issued against Ms. Robichaux on 18 January 2011 and a hearing was scheduled before a hearing officer, a member of the Board. The hearing was held on 8 February 2011 where a record was made.
At the subsequent meeting of the full board on 17 June 2011, the hearing officer presented findings of fact and conclusions of law and a recommendation to the Board that applicant be given a letter of reprimand, assessed a hearing fee of $500.00, and be licensed upon proof that she passed the NCLEX exam.
The Board adopted the findings and conclusions, issuing an order that Ms. Robi-chaux be issued a letter of reprimand, be considered as eligible for licensure upon proof that she passed the NCLEX exam, and be assessed a hearing assessment fee of $500.00. The letter of reprimand was signed by the chairman of the Board and mailed to the plaintiff on 22 June 2011.
Ms. Robichaux applied for rehearing, which was denied. She declined to accept the discipline imposed by the Board.
Ms. Robichaux filed a petition for judicial review and/or appeal of the adverse administrative ruling. She alleged that the Board’s order should be reversed as the decision was in violation of La. R.S. 49:964, on the following, albeit non-exclusive, grounds:
ls(l) No violation of statutory provisions, to-wit: Louisiana Administrative Code Title 46 section 306 F; and La. R.S. 37:961, et seq.
(2) Arbitrary or capricious or characterized by abuse of discretion, and/or clearly unwarranted exercise of discretion.
(3) Not supported and sustainable by a preponderance of the evidence.
(4) In violation of Louisiana constitutional provisions to-wit: Article I, § 2, Deprivation of property without due process of law in violation of time limitations set under La. R.S. 37:21.
Ms. Robichaux also filed a motion to reverse the order of Board and a peremptory exception of prescription, arguing that the Board had initiated the proceedings against her more than six months after receipt of the 7 May 2008 complaint without notice to her and more than two years after receipt of the complaint, in violation of La. R.S. 37:21.
The Board filed an answer to the petition and opposed the exception of prescription. It argued that, under La. R.S. 37:969, it has no jurisdiction over students; the Board’s jurisdiction extends only to licensees and applicants for licensure. Therefore, the Board did not acquire jurisdiction over Ms. Robichaux until 25 May 2010, the date she applied for a license. The Board contended that |fionce it acquired jurisdiction over Ms. Robichaux, it could discipline her for the actions taken in 2007 and 2008.
The exception of prescription was heard on 16 December 2011, at which time the district court granted the exception. The judgment was signed on 18 January 2012. This timely appeal followed.
The issues before us are (1) whether the Board had the authority to initiate proceedings against Ms. Robichaux in the first *1133 place and (2) whether the trial court correctly granted the exception of prescription. We address the exception of no right of action first.
The Board contends that its authority over Ms. Robichaux did not attach until 25 May 2010, the date she submitted her application for licensure to it. As such, the Board argues that it acted timely within the limits set forth in La. R.S. 37:21. The basis of its authority, it asserts, is found in La. R.S. 37:969 A(3)-(4), which state:
§ 969. Duties and powers of the board
A. The board shall:
[[Image here]]
(3) Examine and license qualified applicants, and renew licenses; and
(4) Conduct hearings upon charges calling for discipline of a licensee, or for revocation, denial or suspension of a license issued or applied for under this Part upon proof that the person:
(a) Is guilty of fraud or deceit in procuring or attempting to procure a license to practice practical nursing; or
(b) Is guilty of a crime; or
(c) Is unfit, or incompetent by reason of negligence, habit, or other causes; or
|7(d) Is habitually intemperate or is addicted to the use of habit forming drugs; or
(e) Is mentally incompetent; or
(f) Is guilty of unprofessional conduct; or
(g) Has violated any provisions of this Part. [Emphasis supplied.]
Thus, the Board is specifically authorized to conduct hearings for the denial of a license that has been applied for, when it has allegedly received proof that an applicant for a license falls under one or more of the categories listed above. Clearly, if the Board allegedly has proof that an applicant for a license has, as in this case, committed some kind of fraud or deceit in attempting to procure that license, it must relate to acts committed before the Board was authorized to act.
Ms. Robichaux relies on Hemphill v. Louisiana State Board of Nursing, 97-1090 (La.App. 1 Cir. 6/29/98), 713 So.2d 1265, to support her argument that the Board does not have jurisdiction over her. In that case, the court held that the Louisiana State Board of Nursing could not discipline a nursing student when that student “has not applied for licensure and/or has already obtained a license” as that would be beyond the scope of the authority granted to the Board by the legislature. Id. at p. 6, 713 So.2d at 1268.
In the instant matter, once Ms. Robi-chaux applied for her nursing license, she placed herself squarely within the scope of the Board’s authority. Thus, we deny the exception of no right of action.
This finding, that the Board first obtained authority to discipline Ms. Robi-chaux when she filed her application on 25 May 2010, also mandates that the judgment granting the exception of prescription be reversed. The Board notified Ms. Robichaux in writing within one week after she filed that application, 1 June [ R2010, that there were several issues that “must be addressed” before her application could be further processed.[4] In addition, the formal complaint was issued on 18 January 2011, well within the two-year and five-year limitations placed on the Board.
Pursuant to La. R.S. 37:21, limitations exist on disciplinary proceedings brought by professional or occupational boards and *1134 commissions. The statute states in pertinent part:
A. Unless a special law is applicable, no proceeding of any kind may be initiated by a professional or occupational board or commission as follows:
[[Image here]]
(3) If the nature of the complaint is based on fraud, no proceeding may be initiated after two years from discovery by the complainant.
(4)If the nature of the complaint is based on a license or rules violation, no proceeding may be initiated after five years from the date of the act or omission.
(5) In all cases where a complaint is filed with a professional or occupational board or commission, the board or commission shall notify the licensee in writing of the complaint within six months after the filing of the complaint or be barred from further action thereon. [Emphasis supplied.]
Therefore, we find that the proceedings initiated by the Board against Ms. Robi-chaux were timely and that the trial court erred when it granted the exception of prescription. Thus, we reverse the judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

JUDGMENT REVERSED; EXCEPTION DENIED; REMANDED.

. While the appeal was pending but before the briefing deadlines, Ms. Robichaux filed a peremptory exception of no right of action with this court. The basis of the exception was that the Board had no legal authority to file the initial formal hearing notice against her because it has no authority over an individual who has not already obtained a license to practice as a nurse, relying on Hemphill v. Louisiana State Board of Nursing, 97-1090 (La.App. 1 Cir. 6/29/98), 713 So.2d 1265. Both peremptory exceptions are addressed, infra.

. Ms. Robichaux’s medical records indicate she has a seizure disorder that was being successfully treated.

. These issues included circumstances of a previous arrest, disrespect of an instructor and tardiness while in school, the reported seizure activity, and why Ms. Robichaux failed to report the medical condition on either of her evaluation forms. The Board later discovered that Ms. Robichaux also failed to disclose a barber's license for which she had applied prior to nursing school on the 2007 and 2008 evaluation forms.

. See note 3, supra.