YELVERTON, Judge.
This is a suit for property damage. Three vehicles were involved in what the trial court found were two accidents. The vehicles were a pickup truck, a car, and an eighteen wheeler. The suit was for damages sustained by the owner of the car. No personal injury was involved, and neither of the other vehicles was damaged.
The car was hit twice. Both impacts happened on Fulton Street in Alexandria. Fulton is a two-laned, one-way street. The eighteen wheeler was in the right lane. The pickup passed it in the left lane. The car passed the eighteen wheeler behind the pickup. Then the car changed lanes and got in front of the eighteen wheeler. As the car started to pass the pickup, the pickup began to change lanes, moving across the center line. The car went off the street to avoid a collision. The front end of the car hit a telephone pole. According to the trial judge, this impact was the first accident.
The second accident, according to the trial judge, occurred moments after the front end of the car hit the pole. The first event in the chain of events of the second accident was the car’s rebounding. It rebounded off the pole enough distance that its back end.stuck out in the street. The eighteen wheeler hit the back of the car which was out in the street, causing damage to the back.
The owner of the car settled with the owner of the pickup and its insurer. The case went to trial against the eighteen wheeler and its insurer.
The trial judge found that the property damages to the front and back of the car were easily separable, the first impact causing the front end damages and the second impact causing the back end damages. He concluded that the front damage was $4,324. Using the NADA book valúa *1030 tion, he found that the car before the first accident had a value of $5,900. After the first accident its value went down to $1,600 but it was repairable. The damage to the back end from the second impact, though not as extensive, rendered the damage a total loss. The trial judge, accordingly, valued the car at $1,600 when the second impact happened, and because it was to-talled, found that the car’s damages caused by the second impact amounted to $1,600.
Assessing fault, the trial judge divided the blame for the second impact equally between the drivers of the car and the eighteen wheeler. The trial judge did not consider it appropriate to determine, the fault of the driver of the pickup, explaining orally: “Does it matter? They’ve settled out and you have no particular rights whether it’s assessed to the.... ”
According to the oral reasons for judgment, the 50% fault of the car driver was “for placing himself in a dangerous position for cutting in front of the car [sic]. I think he cut in front of the truck too fast.” The fault of the eighteen wheeler driver was in following too close. In the words of the trial judge, “by not backing off and losing speed — he should have had time in the two to three blocks prior to the accident is the reason that he was not able to avoid or stop the secondary impact.”
The trial judge gave the plaintiff judgment for half of the $1,600 property damage, half of the storage and towing charges, and half of the interest and costs.
Both sides appeal. We find four errors: (1) The court should have factored into the causation of the second impact the fault of the driver of the pickup; (2) the trial court committed legal error on the facts as found, by attributing any fault to the plaintiff for the second impact; (3) the trial court failed to consider the salvage value in fixing damages; and (4) the award for storage was excessive.
1.
The trial judge’s own reasoning shows that this is not a fact case which can be separated into two accidents. The damages can be separated but fault cannot. The action of the car driver which the trial judge found to be that driver’s fault, was cutting in front of the eighteen wheeler. This occurred before the first impact and was not a cause-in-fact of either the first or the second impact. Neither the first nor the second impact was caused by the car driver’s change of lane. It was the pickup driver’s action that caused the car to go off the street. But for his improper change of lane, the car, and the eighteen wheeler behind it, could have gone about their business.
Moreover, by the trial judge’s findings of fact, the vehicles traveled two or three blocks after the car pulled in front of the eighteen wheeler, and the eighteen wheeler had time to back off, lose speed, and to. follow from a safe distance.
2.
The trial court’s finding of fault of the car driver on these facts was clear error. Deciding fault on the record, we will look at this case as a single accident with two impacts and separable damages. This is the fair way to decide it. Since we find that the driver of the car was not at fault, it would be unfair to the driver of the eighteen wheeler to put all the blame for the second impact on him, because he would have to pay the entire damage for the second impact. The fair thing to do is to apportion fault among all the parties to the accident, including the settling pickup driver. La.C.C.P. art. 1812(C)(2). We find that the settling pickup driver was 80% at fault, and the driver of the eighteen wheeler was 20% at fault.
3.
The trial court did not consider the salvage value in making the award of damages caused by the second impact. The salvage value of this vehicle was estimated at the trial at $1,200.
Where a vehicle is totally destroyed, or so badly damaged that the cost of repair exceeds its value, the measure of damages is the value of the vehicle less its salvage. Romco, Inc. v. Broussard, 528 So.2d 231, *1031 233 (La.App. 3rd Cir.), writ denied, 533 So.2d 356 (La.1988).
The damage caused in the second impact was, accordingly, $400, of which the owner of the eighteen wheeler is responsible for 20%, or $80.
4.
The trial judge awarded $1,000 as storage and towing fees. The insurer of the eighteen wheeler argues that storage charges should be awarded for no more than two to three weeks at $9.00 a day. We agree that the award was excessive.
The owner of the car testified that it cost $9.00 a day to store his wrecked car. He also testified that he found out his car was totalled a “few weeks” after the accident. The bill for storage and towing charges was $2,691. In Pestco Exterm., Inc. v. William T. Burton Indus., Inc., 304 So.2d 394, 395 (La.App. 1st Cir.1974), the court did not allow storage charges after the plaintiff found out that the automobile was a total loss. The record in this case does not establish exactly when plaintiff learned that his car was a total loss, but four weeks is reasonable.
We award storage charges for four weeks in the amount of $9.00 a day for a total of $252. To this, the towing charge of $126 is added. The owner of the eighteen wheeler is responsible for 20% of the total of $378, or $75.60.
For the reasons assigned, the judgment appealed is amended to read that there is judgment in favor of the owner of the car, and against the owner of the eighteen wheeler and its insurer, for 20% of the property damages of $400, which is $80, and for 20% of the storage and towing costs of $378, which is $75.60. In all other respects the judgment is affirmed. Costs in the trial court as well as the costs of this appeal are assessed one-half to each side.
AMENDED AND AFFIRMED.