645 So.2d 283 (1994)
Juanita Renee COLLINS, et al., Plaintiffs-Appellants,
v.
Kevin BENTLEY & American National Agents Insurance, Defendants-Appellants.
No. 24457-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1994.
*284 Carl Rice & Associates, by Carl Rice, William F. Kendig, Shreveport, for plaintiffs-appellants.
Piper & Associates, by Robert Piper, Jr., Shreveport, for defendants-appellants.
Before VICTORY and BROWN, JJ., and PRICE, J. Pro Tem.
BROWN, Judge.
This action for damages arises out of a rear-end collision that occurred on June 10, 1991. Insurance coverage and liability were stipulated and the only issue before the trial court was quantum. Defendants, Kevin Bentley and ANA Insurance Group, have appealed from the trial court's judgment awarding plaintiff, Renee Collins, damages for automobile rental and storage. Plaintiffs, Renee, Helen and Christopher Collins, answered the appeal, seeking an increase in rental reimbursement and storage charges incurred by Renee. Plaintiffs also seek an increase in the general damages award to Mrs. Collins and Christopher.

FACTS
At approximately 6:20 p.m. on June 10, 1991, while heading east on the Shreveport-Barksdale Highway, plaintiff Renee Collins' automobile was rear-ended by a vehicle driven by defendant, Kevin Bentley, and insured by ANA Insurance Group.
The following day, June 11, 1991, Renee and her two passengers, her mother, Mrs. Helen Collins, and nephew, Christopher Collins, sought medical attention. Renee and Mrs. Collins sustained moderate injuries and Christopher was uninjured. Also, Renee contacted ANA to report the accident.
From June 11-20, Renee telephoned ANA to verify insurance coverage and have her vehicle appraised so that it could be repaired. According to Renee, ANA failed to verify coverage, assign an adjuster or return her numerous telephone calls. On June 21, Renee retained an attorney, who contacted ANA and requested verification of coverage and rental car authorization. It was not until July 15, approximately 35 days after the accident, that coverage was verified. Renee's vehicle was appraised and a rental car obtained on July 18, 1991.
On July 26, Rainbow Auto Paint & Collision began repairing Renee's car. Repairs were complete on August 7, 1991, and Renee was informed that her car was ready. However, because Rainbow required payment before the car could be picked up and Renee had neither collision insurance nor the financial resources with which to pay for the repairs, her car remained at the body shop. On the same day, August 7, Renee's counsel requested payment of the repairs and informed ANA that Renee was still driving a rental car. More than one week later, on August 15, Renee's counsel spoke with an ANA claims adjuster and reminded the insurance company that repairs had been completed and that Renee continued to drive a rental car.
A receipt and release was sent to Renee by ANA on August 23. However, it was for a lesser amount than the cost of repairs and a draft for the repairs was not attached. After attempts to secure a receipt and release in the proper amount and a draft for repairs failed, plaintiffs filed suit against defendants on August 19, 1991.
Insurance coverage and liability were stipulated. Trial on the issue of damages was held on December 11, 1991. In its judgment, which was signed on February 7, 1992, the trial court made the following awards:

Renee Collins
-------------
Property Damages: $1,997.80
Medical Expenses: $2,205.86
Lost Wages: $1,208.50
General Damages: $5,500.00
Automobile Rental: $2,838.24
Storage: $1,125.00
Mrs. Helen Collins
------------------
Medical Expenses: $1,247.86
General Damages: $2,000.00
Christopher Collins
-------------------
General Damages: $ 100.00

Renee's awards for automobile rental and storage were made through the date of trial.
*285 Defendants have appealed, asserting error in the trial court's award of automobile rental and storage. Plaintiffs answered the appeal, seeking rental reimbursement and storage charges for the period of time between trial and judgment. Plaintiffs also seek an increase in the general damages awarded to Mrs. Collins and Christopher.
Pursuant to an order issued by the 19th Judicial District Court, East Baton Rouge Parish, this court ordered the appeal stayed on December 18, 1992. LIGA was substituted for defendant, ANA, and by order of this court dated July 1, 1994, the appeal was reinstated.

DISCUSSION

Automobile Rental & Storage
The trial court noted plaintiff Renee Collins' financial inability to pay for the repairs to her automobile and awarded her rental expenses and storage costs from the time she tendered her car for repair, July 18, 1991, through trial, December 11, 1991.
Defendants contend that the trial court's award for automobile rental is excessive because the award exceeds a reasonable time for the car to be repaired. Additionally, defendants argue that the trial court erred in making an award of storage costs.
Plaintiffs seek an increase in the award for rental reimbursement and storage. According to plaintiffs, the award should be extended through the date of the trial court's judgment, February 7, 1992.
Most of the jurisprudence addressing the issue of excessive or inadequate awards for loss of use involve vehicles that were rendered a total loss. See Bonner v. Louisiana Indemnity Co., 607 So.2d 915 (La.App. 2d Cir.1992); Prothro v. Dillahunty, 488 So.2d 1163 (La.App. 2d Cir.1986); Deason v. Bernard, 613 So.2d 1028 (La.App. 3d Cir.1993); Thomas v. Champion Insurance Co., 603 So.2d 765 (La.App. 3d Cir.1992). Because plaintiff's car in the instant case received substantial damage but was not totalled, these cases do not apply.
In Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 (La.1977), the supreme court noted that the usual measure of damages for loss of use of a vehicle is the rental cost of a substitute automobile. However, the court also noted that the award need not be restricted to rental and that much discretion is given to the trial court in making such an award.
In Boehm v. French, 548 So.2d 12 (La. App. 5th Cir.1989), the plaintiff was involved in an automobile accident. Plaintiff had her car repaired and at the completion of repairs, she was informed by defendant-insurer that she would have to pay the cost of repairs. Plaintiff, however, was financially unable and she continued to rent a substitute vehicle by charging the rental to her father's credit card. The trial court held the defendant-insurer liable for repair costs, storage fees and damages for loss and inconvenience. In affirming the lower court, the Fifth Circuit noted that by its actions, the insurer "held the innocent plaintiff hostage."
In the instant case, Renee's financial inability to pay for the repairs to her car was only one of the reasons for the trial court's award of automobile rental and storage through the date of trial. ANA's actions are similar to the actions of the defendant-insurer in Boehm. Although provided with immediate notification of Renee's claim, ANA failed to verify coverage or appoint an appraiser until more than one month after the accident. ANA failed to pay for the repairs after authorizing them to be made and after notification that storage charges would begin accruing should payment not be forthcoming. We find no abuse of the trial court's great discretion in its award of rental reimbursement and storage costs.

Sufficiency of Damage Awards
Plaintiffs assert that the trial court's award to Mrs. Collins of $2,000 in general damages is inadequate and suggest that the lowest amount to compensate Mrs. Collins for her pain and suffering is $7,500.
Mrs. Collins was diagnosed with a strained neck, left arm, lower back and left foot as a result of the accident. She experienced considerable pain and anxiety. Dr. Cox diagnosed an adjustment reaction to the accident and prescribed a mild sedative and anti-inflammatories. *286 Physical therapy was required and Mrs. Collins was not released from her doctor's care until three months post-injury. However, Mrs. Collins did not miss any work as a result of her injuries.
Plaintiffs also contend that the trial court's award of $100 to Christopher Collins for his pain and suffering is inadequate and request that this award be raised to $750. We note that Christopher was not physically injured in the accident.
In assessing damages, much discretion is left to the trier of fact. LSA-C.C. Art. 2324.1; Sledge v. Continental Casualty, 25,770 (La.App. 2d Cir. 06/24/94), 639 So.2d 805. Before an appellate court may disturb an award of damages, the record must clearly reflect that the trier of fact abused its broad discretion in making the award based upon the specific injuries and their effect on the particular individuals involved. Youn v. Maritime Overseas Corporation, 623 So.2d 1257 (La.1993); Barr v. Smith, 25,432 (La. App. 2d Cir. 01/19/94), 631 So.2d 76.
We find no abuse of the trial court's discretion in the instant case.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs of this appeal are assessed to defendants.
VICTORY, J., concurs in the opinion except with respect to rental and storage fees, from which he dissents, believing no recovery for such fees can be had past August 7, 1991 when repairs were completed.