|,SULLIVAN, Judge.
Allstate Insurance Company appeals an award of penalties and attorney fees under La.R.S. 22:658(B)(4) for its failure to pay rental expenses that Barbara Caldwell Roberts incurred after her vehicle was “totaled” in an accident caused by Allstate’s insured, Joseph Lee Chargois. For the following reasons, we reverse in part and render.
Facts and Procedural History
On January 6, 1996, Ms. Roberts, then sixty years old, and Mr. Chargois were traveling in opposite directions on Johnston Street in Lafayette, Louisiana. Their vehicles collided when Mr. Chargois attempted to turn left into a private parking lot. |2As a result of the accident, Ms. Roberts sustained personal injuries requiring four months of chiropractic care. Additionally, her car, a 1985 Mercury Marquis, was adjusted as a total loss.
On February 19, 1996, Allstate paid Ms. Roberts $1,862.98 for the loss of her car. In the meantime, Ms. Roberts had rented a vehicle from Enterprise Rent-a-Car on January 16, 1996. On February 13, 1996, Ms. Roberts’ attorney notified Allstate that rental charges of $1,209.68 had been incurred as of that date. On April 15, 1996, Ms. Roberts’ attorney again wrote to Allstate, this time to clarify questions that an adjuster raised about Ms. Roberts’ name as it appeared on the rental bill. Ms. Roberts kept the rental car until March 13, 1996. The rental charges through that date totaled $2,419.38.
Gale Janise, the adjuster handling the rental claim, testified that Allstate never paid the rental charges because the “bills” it received raised several questions. First, Ms. Janise explained that the initial copies Allstate received were only estimates of charges, rather than the final bill that Allstate required for payment. Second, Ms. Janise questioned why the name on the estimates was “Barbara Caldwell” rather than “Barbara Roberts,” as the claim had been reported to her. Finally, Ms. Janise testified that the final bill from Enterprise was prepared in the name of “Vickie Phillips,” with Ms. Roberts listed only as an additional driver. Ms. Janise testified that she telephoned Ms. Roberts’ initial attorney at least five times to clarify this matter, but she received no response before suit was filed. At trial, Ms. Roberts explained that she did not have a credit card, which Enterprise required to process the final bill. Therefore, she had the bill issued in the name of her sister-in-law, Ms. Phillips, whose |scredit card was used for payment. Ms. Roberts testified *912 that she still owed her sister-in-law the money for the rental bill.
In written reasons, the trial court found Mr. Chargois solely at fault in the accident and awarded Ms. Roberts $10,000.00 in general damages, $2,857.00 in medical expenses, $380.00 in lost wages, and the full rental expenses of $2,419.38. The trial court also determined that Allstate had received adequate written proof of the rental charges on April 15, 1996 and that Allstate’s failure to pay the rental claim within thirty days of that date was arbitrary, capricious, and without probable cause. Pursuant to La.R.S. 22:658(B)(4), the trial court awarded Ms. Roberts $1,000.00 in penalties and $250.00 in attorney fees. Allstate appealed, initially objecting to the award of rental expenses as well as the penalties and attorney fees imposed. At oral argument, however, Allstate indicated that it was only contesting the penalties and attorney fees. Ms. Roberts answered the appeal, seeking additional attorney fees and damages for frivolous appeal.
Opinion
La.R.S. 22:658(B)(4) provides:
Whenever a property damage claim is on a personal vehicle owned by the third party claimant and as a direct consequence of the inactions of the insurer and the third party claimant’s loss the third party claimant is deprived of use of the personal vehicle for more than five working days, excluding Saturdays, Sundays, and holidays, the insurer responsible for payment of the claim shall pay, to the extent legally responsible, for reasonable expenses incurred by the third party claimant in obtaining alternative transportation for the entire period of time during which the third party claimant is without the use of his personal vehicle. Failure to make such payment within thirty days after receipt of adequate written proof and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause shall subject the insurer to, in addition to the amount of such reasonable expenses incurred, a reasonable penalty not to exceed ten percent of such reasonable expenses or one thousand dollars whichever is greater | together with reasonable attorneys fees for the collection of such expenses.
(Emphasis added.)
The legislature enacted the first sentence of this section, addressing third party claims for transportation expenses, in 1989. The second sentence, relative to penalties and attorney fees, was added in 1990. Our research has not revealed any cases that have applied this statute. In interpreting it, we are guided by the principle that statutes subjecting insurers to penalties should be strictly construed. Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983). Further, because statutes creating causes of action in favor of third party claimants against a tortfeasor’s insurer are in derogation of generally accepted principles, they should be interpreted in a manner that least departs from established law. See Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97); 694 So.2d 184.
The trial court penalized Allstate under the second sentence of La.R.S. 22:658(B)(4) based on its finding that Allstate arbitrarily refused to pay the rental claim after it received documentation establishing Ms. Roberts’ legal name. In its brief, Allstate argues that this statute is not applicable because Ms. Roberts’ failed to show, as required in the statute’s first sentence, that her need for a rental arose “as a direct consequence of the inactions of the insurer and the third party claimant’s loss.... ” Allstate contends that, because it adjusted Ms. Roberts’ property damage claim in a reasonable and timely manner, its actions did not contribute to Ms. Roberts’ need for a rental; therefore, it is not subject to the penal provisions in the statute’s second sentence. For the following reasons, we agree with Allstate’s construction of La.R.S. 22:658(B)(4).
*913 IsAny accident in which a plaintiffs vehicle either requires repair or is “totaled” will result in some loss of use of that vehicle. This loss is an inevitable consequence, even when an insurer reasonably investigates and adjusts the claim. To remedy this situation, Louisiana tort law permits the plaintiff to recover this element of damages. Damages for loss of use are usually measured by the cost of renting a substitute vehicle, although the award need not be restricted to rental. Williams v. Louisiana Indem. Co., 26,887 (La.App. 2 Cir. 6/21/95); 658 So.2d 739. If the wrecked vehicle is totally destroyed, damages for loss of its use are recoverable “only for a reasonable time, that period in which the owner becomes aware of the situation and secures a replacement therefor.” Thomas v. Champion Ins. Co., 603 So.2d 765, 768 (La.App. 3 Cir.1992) (quoting Washington v. Lake City Beverage, Inc., 352 So.2d 717, 722 (La.App. 3 Cir. 1977), writ denied, 354 So.2d 1050 (La. 1978)). Sixty days rental after the plaintiff becomes aware of the vehicle’s total loss has been found reasonable. Thomas, 603 So.2d 765; Brown v. Morgan, 449 So.2d 606 (La.App. 1 Cir.1984); Meshell v. Insurance Co. of North America, 416 So.2d 1383 (La.App. 3 Cir.1982).
To trigger the provisions of La.R.S. 22:658(B)(4), however, the third party claimant must first show that the “inac-tions of the insurer” as well as his loss have deprived him of his vehicle for more than five days, excluding weekends and holidays. Upon this initial showing, the third party claimant may r'ecover the reasonable expenses of alternative transportation for the entire time he is without the use of his vehicle. We believe this provision was intended to address conduct similar to that found in Collins v. Bentley, 24,457 (La.App. 2 Cir. 10/26/94); 645 So.2d 283 and Boehm v. French, 548 So.2d 12 (La.App. 5 Cir.1989) and to codify the results therein. |BIn Collins, the insurer denied coverage and failed to appraise the plaintiff’s damaged vehicle for over thirty days. Later, the insurer refused to pay for the repairs it had authorized. Under these circumstances, the court permitted the plaintiff to recover the six months of rental expenses she incurred because she could not afford the repairs. In Boehm, the insurer also refused to pay for repairs it had authorized, and the court permitted the plaintiff to recover rental expenses for three and a half months.
In the instant case, Ms. Roberts kept a rental car for approximately two months. Her own vehicle was a total loss, for which she was paid approximately forty-five days after the accident. She testified that she did not want to rent another car, but she needed transportation to and from her two jobs. Under these circumstances, the trial court did not err in awarding this sixty-year-old plaintiff two months of rental expenses. This award, however, is supported by our general tort law rather than La.R.S. 22:658(B)(4).
Ms. Roberts has not alleged any undue delay in the investigation or payrnent of her property damage claim. Although the record does not reveal when Allstate began the adjustment process, we find no evidence that it acted unreasonably in this case. Because Ms. Roberts failed to make the initial showing required in the first sentence of La.R.S. 22:658(B)(4), we find that she is unable to avail herself of the penalty provisions in the second sentence. Further, although we need not reach this issue, we question whether Allstate was arbitrary and capricious in refusing to pay the rental claim, considering that Ms. Roberts’ initial attorney never clarified why the rental bill was prepared in another’s name.
Ms. Roberts’ requests for additional attorney fees and damages for frivolous appeal are denied, in light of Allstate’s successful appeal.
17Pecree
For the above reasons, that portion of the trial court judgment awarding Plaintiff, Barbara Caldwell Roberts, $1,000.00 in *914 penalties and $250.00 in attorney fees is reversed. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to Plaintiff.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.