976 So.2d 188 (2007)
SALES 360, L.L.C.
v.
LOUISIANA MOTOR VEHICLE COMMISSION and Its Members, Arthur Tait, C. Robert Bohn, Jr., V. Price Leblanc, Jr., Gerald R. Lane, Cloid White, Marshall Hebert, Calvin Braxton, Sr., Ted S. Atterbery, Jr., David M. Mann, Alexis D. Hocevar, Jacob Drago, and Jacqueline L. Edgar
c/w Louisiana Motor Vehicle Commission
v.
Sales 360, LLC.
Nos. 07-CA-432, 07-CA-440.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2007.
*189 Angela W. Adolph, Stephanie B. Laborde, Milling Benson Woodwood L.L.P., and Herschel C. Adcock, Sr., Baton Rouge, LA, and Philippe J. Langlois, Milling Benson Woodward, L.L.P., and P. Lindsey Williams, New Orleans, LA, and Jon C. Adcock, Gainesville, FL, for Plaintiff/Appellant, Sales 360, L.L.C.
*190 Adrian F. Lapeyronnie, III, Greenberg & Lapeyronnie, LLC Gretna, LA, for Defendants/Appellees.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
The appellant, Sales 360, LLC, has appealed three district court judgments in these consolidated appeals. In appeal No. 07-CA-440, appellant appeals two judgments rendered by Division K of the 24th Judicial District Court, granting the Louisiana Motor Vehicle Commission's motion to make a judgment executory and denying appellant's Motion to Vacate and stay collection proceedings. In appeal No. 07-CA-432, appellant appeals a judgment rendered by Division M of the 24th Judicial District Court granting the Commission's Exceptions of No Right of Action, No Cause of Action, and Res Judicata. For the reasons that follow we affirm in part and reverse in part.
FACTS:
Appellant, Sales 360, LLC, is an entity that provides advertising services and sales personnel to automobile dealerships to conduct sales promotions for limited specified time periods. Appellant mailed out flyers advertising sales, special prices, and financing available for car purchases at four motor vehicle dealerships on specific dates. In December 2005, the appellee, the Louisiana Motor Vehicle Commission, (herein after referred to as the Commission), notified appellant that a hearing would be held regarding appellant's alleged violation of enumerated sections of the Louisiana Motor Vehicle Commission law and its Rules and Regulations in its advertising of sales on specific dates for four specific dealerships. This letter informed appellant that as a result of appellant's alleged violations, the Commission may impose a civil penalty. On May 6, 2006, counsel for appellant forwarded a letter to the Commission stating that appellant would not appear at the hearing because it was appellant's belief that the Commission lacks jurisdiction over it and the Commission is without authority to levy civil penalties against it.
On May 8, 2006, the Commission held a hearing relative to the conduct of appellant in advertising the sales enumerated in the December 2005 letter. On August 14, 2006, the Commission made the following findings of fact:
Sales 360, LLC engaged in false and misleading advertising by distributing flyers in numbers exceeding 300,000 pieces and containing fifty-seven (57) violations of the advertising laws, rules and regulations of the Louisiana Motor Vehicle Commission.
The Commission made the following conclusions of law:
Sales 360, LLC violated fifth-seven (57) of the advertising laws, rules and regulations of the Louisiana Motor Vehicle Commission.
The Commission then ordered a fine and penalty of $285,000.00 assessed against appellant.
On October 16, 2006, the Commission filed a petition to make its judgment executory in Division K of the 24th Judicial District Court. On October 17, 2006, the judge of Division K signed a judgment making the Commission's August 14, 2006 judgment against appellant executory. On November 16, 2006, appellant filed a Motion to Vacate the October 17, 2006 judgment and Motion for a Stay of proceedings pending consideration of the petition to annul. On January 9, 2007, the judge of Division K signed a judgment denying appellant's Motion to Vacate and Motion for Stay.
*191 On November 16, 2006, appellant filed a Petition to Annul the August 14, 2006 judgment of the Commission and annul the October 17, 2006 judgment of Division K. This petition was filed in Division M of the 24th Judicial District. The individual members of the Commission were named as defendants in this petition. The members and the Commission responded with Exceptions of No Cause of Action, No Right of Action, and Res Judicata /issue preclusion. On May 15, 2007, the judge of Division M signed a judgment granting all of the members and the Commission's exceptions and denying appellant relief.
Appellant timely appealed all of the judgments rendered by the district court and raises numerous Assignments of Error on appeal.
WHETHER THE COMMISSION HAS JURISDICTION OVER THE APPELLANT:
Appellant repeatedly argues that the Commission has no constitutional authority over it, contending that the commission's authority extends only to those persons or entities engaged in the business of or serving as a motor vehicle dealer, broker, franchisor, facilitator, repairer, or manufacturer, converter, distributor or wholesaler of motor vehicles. Appellant contends that as an advertising and consulting firm, it is not subject to the Commission's regulatory authority.
We disagree. As much as appellant would like to hold itself out as solely an advertising agency and consultant, the facts brought out at the Commission's hearing, a copy of the transcript of which was admitted into evidence in the district court, make it clear that appellant contracted with dealerships to conduct and/or assist in the sales of automobiles on certain dates. Appellant's contracts with the dealerships include providing and mailing advertising flyers and providing personnel to assist in the sales.
The Commission's jurisdiction is set out in LSA-R.S. 32:1251, et seq., and includes the advertising of sales of motor vehicles as provided in LSA-R.S. 32:1251:
The legislature finds and declares that the distribution and sale of motor vehicles in the state of Louisiana vitally affects the general economy of the state, the public interest, and the public welfare, and that in order to promote the public interest, and the public welfare, and in the exercise of its police power, it is necessary to regulate and to license those persons enumerated in R.S. 32:1254 and doing business in Louisiana . . . in order to prevent false and misleading advertising . . .
LSA-R.S. 32:1254(N) provides:
Any person who sells or offers to sell new motor vehicles or specialty vehicles, or leases, rents, or offers to lease or rent new motor vehicles or specialty vehicles, and which is not a licensee of the commission shall, nonetheless, be subject to the provisions of Chapter 6 of Title 32 and the rules and regulations of the commission which pertain to the regulation of advertising.
LSA-R.S. 32:1253(E) provides:
The commission is hereby vested with the powers and duties necessary and proper to enable it to fully and effectively carry out the provisions and objects of this Chapter, and is hereby authorized and empowered to make and enforce all reasonable rules and regulations and to adopt and prescribe all forms necessary to accomplish said purpose, and the enumeration of any power or authority herein shall not be construed to deny, impair, disparage, or limit any others necessary to the attainment thereof. A copy of all rules and regulations adopted by the commission shall be published in *192 the Louisiana Register, and same may be amended, modified, or repealed from time to time.
The contract between appellant and the dealerships states that appellant will provide highly skilled automotive sales professionals and will coordinate every aspect of the sales during the sales promotion. In addition to a flat fee, appellant was paid a percentage of the gross sales of the motor vehicles for the sales promotion. As can be deemed from a reading of the above statutes and testimony and evidence of the hearing before the Commission, appellant falls within the broad authority of the Commission to regulate sales and advertising of motor vehicles.
Appellant urges this Court to follow the ruling in Dyer v. Louisiana State Bd. of Dentistry, 1999-2706 (La.App. 4 Cir. 5/17/00), 767 So.2d 749, and find the Commission had no authority over it as a non-licensee. We find the Dyer case distinguishable from the case at bar because the applicable statutes in Dyer used the phrase "currently valid license" leading the court to conclude that the person accused of violating the statute possessed either an expired, suspended, or revoked license at the time of the alleged act. Since there is no such terminology in the statutes relevant to the case at bar, we find Dyer inapplicable.
Thus, we find appellant's argument that the Commission lacked authority to regulate its activities to be without merit.
Appellant goes on to argue that the Commission has no authority to levy civil penalties against it. We disagree.
LSA-R.S. 32:1252(18) defines a "licensee" as "any person who is required to be licensed by the commission pursuant to the provisions of this Chapter." By virtue of its actions in participating in the sales of automobiles, appellant was required to be licensed by the Commission. Although it did not obtain a license, because of appellant's actions, appellant is treated as a licensee pursuant to R.S. 32:1252(18) and is therefore subject to all penalties, including fines as provided in LSA-R.S. 32:1260 as though it were a properly licensee. Thus we find appellant's argument that the Commission lacked authority to levy a civil penalty against it to be without merit.
THE COMMISSION'S NOTICE TO APPELLANT AND AMOUNT OF THE PENALTY:
Appellant argues the notice of hearing sent by the Commission regarding the hearing was deficient and claims it was never put on notice of the true nature of the Commission's intentions. Appellant contends it had no notice that the Commission intended imposing a civil penalty.
Appellant failed to exercise its rights to appeal the findings of the Commission. LSA-R.S. 49:964 provides that a party aggrieved by the finding of an administrative agency may appeal that finding to the district court of the parish in which the agency is located within thirty days after the Commission has mailed written notice of its decision. The record contains a certified letter dated August 14, 2006 addressed to appellant and a return receipt indicating appellant received this letter on August 15, 2006. This letter informs appellant of the findings rendered by the Commission. Appellant acknowledged that it did not seek review of the Commission's findings. As such, appellant's review in this Court is limited to whether or not the judgment of the Commission is an absolute nullity.
The relevant provisions in the Code of Civil Procedure state that a judgment may be annulled if it is rendered against a defendant who was not served with process or by a court that does not have jurisdiction over the subject matter of the *193 suit. La. C.C.P. art. 2002. Having found above that the Commission had jurisdiction over this matter we will examine whether the service by the Commission to appellant was sufficient.
The notice given of a hearing by an administrative agency need only be reasonable and need not meet the exacting requirements for notice in judicial proceedings. Tafaro's Inv. Co. v. Division of Housing Imp., 261 La. 183, 259 So.2d 57 (1972). Such notice must serve the purpose of informing the parties of the purpose and time of the proceedings, the possible consequences or the manner in which interests may be affected, and the method of presenting objections to the administrative action. Id.
The letter sent to appellant by the Commission clearly lists the actions of appellant that the Commission deemed were a violation of its rules, including a listing of the rules violated. Appellant obviously received this letter as evidenced by the letter from appellant's attorney that appellant would not appear at the hearing. Thus, we find appellant had sufficient notice of the Commission's hearing of the allegations against it.
THE OCTOBER 17, 2006 JUDGMENT OF THE TRIAL COURT:
On October 17, 2006, the trial judge of Division K of the 24th Judicial District Court signed an order making the decision rendered by the Commission executory. We find this to be an error for the following reasons:
According to LSA-R.S. 36:3, the Commission falls under the office of the governor and is to perform and exercise its powers, duties, functions, and responsibilities as provided in R.S. 36:803, which provides in pertinent part:
A(2) In addition, each of those agencies shall continue to impose, collect, and retain license or certification fees as provided by law; issue and renew certificates for qualified applicants, set standards for and approve the preparation, conduct, and administration of its own examinations, and be responsible, as otherwise provided by law, for carrying out the laws relative to its profession or occupation to the extent that such laws provide for rulemaking, certification, licensing, regulations, testing, inspection, enforcement, and adjudication by the agency.
The Commission's powers are spelled out in LSA-R.S. 32:1251, et seq. While these statutes allow the Commission to impose civil penalties, the statutes do not provide for the collection of these penalties.
A review of statutes granting authority to other administrative agencies indicates that the legislature made specific provisions for the collection of such civil penalties in some areas. For example, LSA-R.S. 18:1511.5 D, which regulates the powers of the ethics board for elected officials, provides that a judgment assessing civil penalties shall become executory when all delays for appeal have expired according to the Louisiana Code of Civil Procedure, and may be enforced as any other money judgment.
Similarly, LSA-R.S. 32:788 D, which spells out the powers of the Louisiana Used Motor Vehicle and Parts Commission provides:
Upon the failure of any person, firm, association, corporation, limited liability company, or trust to timely pay any civil penalty imposed by the commission when due, the commission shall be entitled to recover by suit or otherwise, from such party all costs of collection, including court costs, deposition, and other discovery costs, and reasonable attorney *194 fees incurred by the commission in collecting such civil penalty.
There is no such provision for the collection of civil penalties in the statutes governing and enumerating the powers of the Commission before us. While the Commission urges this Court to use the language in R.S. 32:1260 C providing for the Commission to render a judgment as sufficient to indicate the legislative intent to make the ruling rendered by the Commission against appellant a judgment capable of being made executory by the district court, we are without authority to do so. As the Supreme Court stated in International Harvester Credit Corp. v. Seale, 518 So.2d 1039 (La.1988), statutes authorizing the imposition of a penalty are to be strictly construed. The courts should not construe penal statutes as extending powers not authorized by the letter of the law even if such powers would be arguably within its spirit. This rule has been applied in the area of administrative law. See, Benson & Gold Chevrolet, Inc. v. Louisiana Motor Vehicle Commission, 403 So.2d 13 (La.1981).
La. C.C.P. art. 2781 provides that a judgment rendered in a Louisiana court may be made executory in any other Louisiana court of competent jurisdiction. The Commission is not a court but is an administrative agency in the executive branch of state government. See, Bagert v. Bd. of Ethics for Elected Officials, 594 So.2d 922 (La.App. 1 Cir.1992). The Commission argues that the decision rendered by the Commission on August 14, 2006 is a judgment that was properly made executory by the district court. However, our review of LSA-R.S. 32:1251, et seq., indicates the only reference to a judgment being rendered by the commission comes in LSA-R.S. 32:1260 C, which provides that the Commission may render judgment for costs, or any part thereof, against any party to proceedings held or court reporter fees, commission, attorney fees, the mileage and per diem of the commissioners, and other applicable and reasonable costs.
LSA-R.S. 49:951 defines an "adjudication" as an agency process for the formulation of a decision or order. R.S. 49:951(3) provides, in part:
(3) "Decision" or "order" means the whole or any part of the final disposition (whether affirmative, negative, injunctive, or declaratory in form) of any agency, in any matter other than rulemaking, required by constitution or statute to be determined on the record after notice and opportunity for an agency hearing. . . .
Because these statutes must be strictly construed, we find the Commission's ruling of August 14, 2006 was a decision or order that was rendered after notice and a hearing. This decision or order, although styled as a judgment, is not a judgment that can be made executory pursuant to La. C.C.P. arts. 2781 and 2782. The statutes granting power to the Commission are silent as to how the civil penalties assessed by the Commission in a decision or order are to be collected. Therefore, we find in order to collect the penalties assessed against appellant, the Commission must file suit using ordinary proceedings[1]. For this reason, the October 17, 2006 and January 9, 2007[2] judgments of Division K of the 24th Judicial District Court are set aside.
*195 THE MAY 15, 2007 JUDGMENT OF THE TRIAL COURT:
On November 16, 2006, appellant filed a Petition to Annul Judgments and for Declaratory and Injunctive Relief in Division M of the 24th Judicial District. The Commission and its individual members are named as defendants in this petition. In this petition, appellant seeks to annul the October 17, 2006 judgment of Division K and annul the judgment of the Commission. In response to this petition, the Commission and its members filed Exceptions of No Cause of Action, No Right of Action, and Res Judicata. On May 15, 2007, the trial judge in Division M rendered judgment granting all of the Commission's and its members' exceptions.
Louisiana Code Civil Procedure article 1061(B) requires a "defendant in the principal action" to "assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action." In Walker v. Howell, 04-246 (La.App. 3 Cir. 12/15/04), 896 So.2d 110, the court held that the proper procedural vehicle to enforce the mandates of La. C.C.P. art. 1061 is an Exception of Res Judicata by barring claims that were or could have been litigated in a previous lawsuit.
In its Petition to Annul, the appellant raised the same arguments as to why the judgment of the Commission should be declared null, i.e. the Commission had no jurisdiction over it because it was not a seller of motor vehicles, as it raised in the Motion to Annul filed in Division K. The appellant further argued the trial court judgment of October 17, 2006 making the Commission's judgment executory should be annulled because it was based on the Commission's judgment which was without effect since the Commission had no jurisdiction over it. This was the same argument made in the motion filed in Division K.
Accordingly, we find the trial court correctly granted the Commission's Exception of Res Judicata as to all claims made against the Commission. This finding renders a discussion of the Exceptions of No Right of Action and No Cause of Action as they pertain to allegations raised against the Commission moot.
The individual members of the Commission also filed Exceptions of No Cause of Action and No Right of Action. With regard to the Exception of No Right of Action filed by the members, we note that R.S. 32:1253(H) states that "No member of the commission or the executive director, shall be subject to suit or be held liable as an individual in any suit against the commission". Appellant raises only one allegation against the individual members of the commission, stating in paragraph 26 of the petition, that the Commission, "through its members" violated the due process clause of the Louisiana Constitution by knowingly and intentionally prosecuting a non-licensee. Under Louisiana law individual commissioners cannot be sued individually in any suit against the Commission. Accordingly, we find the trial court did not err in granting the Exception of No Right of Action with regards to the allegation made in paragraph 26 against the Commission members individually.
The trial court granted the members' Exception of No Right of Action, but did not make an express ruling on the members' Exception of No Cause of Action. La. C.C.P. art. 923 provides that the function of the peremptory exception is to have the plaintiffs action declared barred by effect of law. Hence, upon finding the plaintiff has no right of action, the court must dismiss the suit. Taylor v. *196 Woodpecker Corp., 562 So.2d 888, 892 (La. 1990).
CONCLUSION:
For the foregoing reasons, the judgment of the trial court dated October 17, 2006, making the judgment of the Commission executory is vacated and set aside. The January 9, 2007 judgment of the trial court denying appellant's Motion to Vacate the October 17, 2006, judgment is also set aside. The May 15, 2007 judgment of the trial court granting the Exceptions of Res Judicata, No Cause of Action, and No Right of Action is affirmed.
This matter is remanded to the district court, Division K, for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; MATTER REMANDED.
NOTES
[1] We note, however, that because the appellant did not timely seek judicial review of the ruling of the Commission, its rulings are final.
[2] The January 9, 2007 judgment denied appellant's Motion to Vacate the October 17, 2006 judgment and denied appellant's Motion for a Stay.