FREDERICKA HOMBERG WICKER, Judge.
1 ¡jPefendant/appellant Allstate Property and Casualty Insurance Company (“Allstate”) appeals from a judgment awarding plaintiffs/appellees Caron Napolitano Starr *677 and James William Starr (“Mrs. Starr” and “Mr. Starr” respectively) attorney fees and statutory penalties in an automobile property damage case. We affirm in part, reverse in part, and render.
The Starrs filed this suit on October 26, 2006. In their petition, the Starrs alleged that they were entitled to recover $4698 for the cost of the rental invoice, as well as statutory penalties and attorney fees pursuant to La. R.S. 22.T220. Allstate tendered a check in the amount of $3090 to Mr. Starr on April 27, 2007, shortly before the original trial date. Trial in the matter was eventually set for July 16, 2007. After trial was complete, the trial court denied the claim for the mirror, but awarded the Starrs $1677.30 in damages, $2500 in attorney fees, and $2500 in penalties. This timely appeal followed. Allstate complains only of the award of 1.«¡penalties and attorney fees. The Starrs did not assign as error the trial court’s denial of the mirror claim.
The underlying facts are not in dispute. On April 15, 2006, Mrs. Starr was driving her 1998 Jaguar sedan near the intersection of Clearview Parkway and Jefferson Highway in Metairie when she was struck by a vehicle driven by Jennifer Brou, Allstate’s insured. The Starrs apparently originally complained that the accident resulted in personal injuries, property damage to the Jaguar including damage to the rear bumper and rear view mirror, and rental fees for a substitute vehicle used by Ms. Starr while the Jaguar was being repaired.
Mr. Starr rented a Nissan Armada sport utility vehicle for his wife’s use. The Armada was rented from Magruder’s Car Truck Rental & Sales (“Car Truck”) at a rate of sixty dollars per day. Mr. Starr had allegedly planned on renting a substitute Jaguar for his Mrs. Starr’s use, but decided on the Armada because it was significantly less expensive. Mr. Starr informed Allstate that he was renting the Armada from Car Truck. According to Mr. Starr, no representative of Allstate asked him to rent a car from a different rental agency, nor did any representative of Allstate talk to him about the vehicle he had rented.
At a later date, Mr. Starr asked a representative of Allstate where he should bring the Jaguar to be repaired. Allstate requested that Mr. Starr bring the Jaguar to Paretti Imports (“Paretti”) to have the rear bumper and the rearview mirror repaired, as Paretti was Allstate’s authorized repair shop. Mr. Starr indicated to Allstate that he had experienced problems with Paretti in the past and that he would prefer to take the Jaguar to another location to be repaired. However, Allstate insisted on Paretti and Mr. Starr acquiesced.
After approximately fifty-nine days, Par-etti Imports informed Mr. Starr that the Jaguar was repaired and ready to be picked up. The Starrs allege that the 14rearview mirror had not been repaired when they arrived to pick up the Jaguar and that they therefore returned the vehicle to Paretti. When all of the repair issues with the Jaguar had been resolved, Mr. Starr submitted a rental invoice to Allstate in the amount of $4698. Allstate disputed the reasonableness of the invoice and in response issued a check to Car Truck in the amount of $3020. Allstate’s check was marked “full and final payment.” After a discussion with the manager of Car Truck, Mr. Starr instructed him to return the check to Allstate and paid the full amount of the rental invoice himself. Mr. Starr sent a letter on August 18, 2006 to Allstate, informing Allstate as to his complete payment of the Car Truck invoice and requesting that Allstate tender *678 a check for the undisputed amount of the bill. Allstate refused.
At trial, Mrs. Starr confirmed that Jennifer Brou had struck her Jaguar and that the sedan had been taken to Paretti for repair. She claimed that a brown spot had appeared on the rearview mirror of her Jaguar after the vehicle had been returned by Paretti. Mrs. Starr also stated that Allstate had denied her claim for the rear-view mirror repair because, in the opinion of the adjuster, the damage was due to the mirror’s age. Mr. Starr confirmed that he had submitted the $4698 rental invoice to Allstate, and that Allstate had responded by sending the $3020 check to Car Truck. Mr. Starr told the court that he had investigated the possibility of renting a substitute Jaguar for his wife, but that he eventually settled on the Armada because it was approximately twenty dollars cheaper per day. Mr. Starr also noted that on or about April 27, 2007, Allstate had tendered a $3020 check to him personally in partial satisfaction of the $4698 rental invoice. Maurice van Norman, the manager of Car Truck, testified that his company rents passenger cars at rates of fifty, sixty, seventy, and ninety dollars a day. James Leaber, the Allstate adjuster who inspected Mrs. Starr’s Jaguar, also testified extensively as to the | ^damaged rearview mirror. In Mr. Leaber’s opinion, the brown spot on the mirror was not caused by the accident, but was rather the result of years of heat affecting the Jaguar’s unique electrochromatic mirror. As the trial drew to a close, there was a lengthy discussion as to which statute applied to the Starrs’ claim for penalties and attorney fees. Allstate argued that La. R.S. 22:658 applied, while the Starrs argued that La. R.S. 22:1220 was the applicable statute. The parties did not dispute liability at trial.
On appeal, Allstate assigns a single assignment of error, namely, that the trial court erred in ordering it to pay penalties and attorney fees. Allstate makes three separate arguments in support of its assignment of error. First, Allstate avers that the trial court should not have relied on La. R.S. 22:1220 to award penalties. Second, Allstate argues that the Starrs are not entitled to attorney fees or penalties pursuant to La. R.S. 22:658. Third, Allstate argues that the trial court erred in awarding more than $1000 for any penalty. La. R.S. 22:1220
Allstate alleges that the trial court erred in relying upon La. R.S. 22:1220 to award statutory penalties. According to Allstate, La. R.S. 22:1220 applies only as between an insurer and its insured, not between an insurer and third parties.
La. R.S. 22:1220(A) states as follows:
An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
(emphasis added)
La. R.S. 22:1220(B) specifies particular acts deemed to be violative of an insurer’s duty of good faith and fair dealing. Included among these acts is an | (¡insurer’s failure “to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.” La. R.S. 22:1220(B)(5). If an insurer violates its duty of good faith, “the claimant may be *679 awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater” pursuant to La. R.S. 22:1220(C).[1] The Starrs allege that Allstate’s failure to tender the full Armada rental invoice within sixty days was violative of La. R.S. 22:1220(B)(5). Therefore, the argument follows; Allstate breached its duty of good faith and fair dealing, and is liable for penalties under La. R.S. 22:1220(0).
The first sentence of La. R.S. 22:1220(A) extends the insurer’s duty of good faith and fair dealing only “to his insured.” That sentence does not mention third parties, nor does it extend third parties any tangible benefit. However, the second sentence of La. R.S. 22:1220(A) states that insurers must make a reasonable effort to settle claims “with the insured or the claimant, or both.” That sentence mentions both “the insured” and “the claimant” and could be reasonably be interpreted to obligate insurers to settle claims with third party claimants. Thus, there is an apparent ambiguity in the statute.
In Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184, the Louisiana Supreme Court addressed the interpretation of these two sentences. In Ther-iot, a third party claimant argued that La. R.S. 22:1220(A) provided her with a cause of action for statutory penalties against an insurance company. The Theriot court rejected the plaintiffs argument that La. R.S. 22:1220(A) imposed a broad statutory duty to “adjust her claim fairly and promptly and to make reasonable efforts to settle the claim” and her contention that the examples in La. |7R.S. 22:1220(B) were merely illustrative. Id., at 186-88. Rather, the Court held that a third party claimant has a claim against an insurer for penalties under La. R.S. 22:1220 only if the insurer committed one of the five acts enumerated in La. R.S. 22:1220(B). That view was subsequently adopted by this Court and fellow circuits across Louisiana. See, e.g., Paul v. Allstate Ins. Co., 98-499 (La.App. 5 Cir. 10/28/98), 720 So.2d 1251; Smith v. Midland Risk, 29,793 (La.App. 2 Cir. 9/24/97), 699 So.2d 1192; Guidroz v. State Farm Mut. Auto. Ins. Co., 97-200 (La.App. 3 Cir. 6/25/97), 698 So.2d 967, writ granted and remanded on other grounds, 97-2653 (La.1/30/98), 705 So.2d 738. The Starrs allege a violation of La. R.S. 22:1220(B)(5), which states that an insurer breaches its duty of good faith and fair dealing when it does not “pay the amount of any claim, due any person insured by the contract within sixty days after receipt of satisfactory proof of loss” when such failure is arbitrary, capricious, or without probable cause. The Starrs were not insured by Allstate’s contract. Accordingly, La. R.S. 22:1220 does not apply to the case at bar. We therefore conclude that the trial court erred in awarding the Starrs $2500 in penalties pursuant to La. R.S. 22:1220.
La. R.S. 22:658
Allstate alleges that the trial court erred in relying upon La. R.S. 22:658 to award $2500 in attorney fees to the Starrs. In its brief, Allstate makes three separate arguments in support of its claim. First, Allstate argues that the Starrs cannot raise a claim for attorney fees because they failed to specifically allege liability for fees under La. R.S. 22:658 in their petition. Second, Allstate argues that its actions were not “arbitrary, capricious, or without probable cause” and as such, the trial judge was precluded from making an award of fees pursuant to La. R.S. 22:658(B)(4). Finally, Allstate argues that the Starrs were not deprived |8the Jaguar’s use “as a direct *680 consequence of the inactions of the insurer,” which is a predicate to recovering attorney fees under La. R.S. 22:658(B)(4).
A trial court’s decision with respect to the assessment of penalties or attorney fees pursuant to La. R.S. 22:658 or should not be disturbed on appeal in the absence of a finding that it was manifestly erroneous or clearly wrong. See, e.g., Dixon v. First Premium Ins. Group, 2005-0988, p. 9 (La.App. 1 Cir. 3/29/06), 934 So.2d 134, 141. Statutes authorizing the imposition of a penalty are to be strictly construed. Sales 360, L.L.C. v. Louisiana Motor Vehicle Com’n, 07-432, p. 10 (La. App. 5 Cir. 12/11/07), 976 So.2d 188, 193. The courts should not construe penal statutes as extending powers not authorized by the letter of the law even if such powers would be arguably within its spirit. Id.
La. R.S. 22:658 provides, in pertinent part:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, 657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.
[[Image here]]
B. (4) Whenever a property damage claim is on a personal vehicle owned by the third party claimant and as a direct consequence of the inactions of the insurer and the third party claimant’s loss the third party claimant is deprived of use of the personal vehicle for more than five working days, excluding Saturdays, Sundays, and holidays, the insurer responsible for payment of the claim shall pay, to the extent legally responsible, for reasonable expenses incurred by the third party claimant in obtaining alternative transportation for the entire period of time during which the third party claimant is without the use of his personal vehicle. Failure to make such payment within thirty days after receipt of adequate written proof and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause shall subject the insurer to, in addition to the amount of such reasonable expenses incurred, a reasonable penalty not to exceed ten percent of such reasonable expenses or one thousand dollars whichever is greater together with reasonable attorneys fees for the collection of such expenses.
|fl(emphasis added).
Thus, a claimant seeking to recover fees under La. R.S. 22:658(B)(4) bears the burden of establishing that the insurer received a satisfactory proof of loss, that the claimant was denied use of a personal vehicle for more than five working days as a direct consequence of the inaction of the insurer, and that the insurer’s failure to pay reasonable expenses was arbitrary, capricious, or without probable cause. A “satisfactory proof of loss” within the meaning of La. R.S. 22:658 is that which is sufficient to fully apprise the insurer of the insured’s claim.
Allstate’s first argument is that the Starrs cannot claim attorney fees because they failed to specifically allege Allstate’s liability for fees under La. R.S. 22:658 in their petition. Allstate admits that the Starrs alleged Allstate’s liability for penalties and fees pursuant to La. R.S. 22:1220.
*681 When “special damages” are claimed in a suit, they must be specifically alleged in the petition. La. C.C.P. art. 861. Statutory penalties and attorney fees are considered to be items of “special damage” and must likewise be specifically alleged. See, e.g., Dennis v. Allstate Ins. Co., 94-305 (La.App. 5 Cir. 10/25/94) 645 So.2d 763. A trial court’s award of special damages is subject to the manifest error standard on appeal. Harvey v. Cole, 00-1849, p. 13 (La.App. 4 Cir. 1/23/02), 808 So.2d 771, 783.
This Court finds Allstate’s argument unavailing. Allstate is correct in its assertion that attorney fees are items of special damage and must be alleged in a petition. However, in their petition, the Starrs alleged that Allstate was liable for attorney fees pursuant to La. R.S. 22:1220. The penalty provisions of La. R.S. 22:1220(B)(5) and La. R.S. 22:658(B)(4) are virtually identical; both penalize an insurer for acting “arbitrary, capricious, or without probable cause.” Allstate was | inthus put on notice that the Starrs had alleged special damages in their petition and that they would be arguing at trial that Allstate acted in an arbitrary and capricious manner. Considering that the purpose of the specificity requirement when pleading special damages is to avoid imposition of surprise upon a defendant, Allstate’s argument has no merit. See, e.g., Stevens v. Winn-Dixie of Louisiana, 1995-0435 (La.App. 1 Cir. 11/9/95), 664 So.2d 1207; La. C.C.P. art. 5051 (“[t]he articles of [the Code of Civil Procedure] are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves”).
Allstate next argues that its actions were not “arbitrary, capricious, or without probable cause” and that the trial judge was therefore precluded from making an award of attorney fees under La. R.S. 22:658(B)(4). In its brief, Allstate stresses the fact that Mr. Stan1 rented a full-size sport utility vehicle for his wife’s use rather than a sedan and that Car Truck’s manager admitted at trial that Car Truck rents vehicles for less than sixty dollars per day. We disagree with Allstate’s argument.
The phrase “arbitrary, capricious, or without probable cause” is synonymous with the word “vexatious.” In Louisiana law, both terms describe an insurer whose willful refusal to pay a claim is not based on a good faith defense. Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd’s of London, 616 So.2d 1250, 1253 (La.1993). An insurer’s refusal to pay a claim is not arbitrary, capricious, or without probable cause where serious issues regarding the appellant’s right to recovery are raised. B. Bennett Mfg. Co., Inc. v. S. Carolina Ins. Co., 96-731 (La. App. 5 Cir. 3/25/97), 692 So.2d 1258. When there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer’s failure to pay within the statutory time limits when l^such reasonable doubts exist. Reed v. State Farm Mut. Auto. Ins. Co., 2003-0107 (La.10/21/03), 857 So.2d 1012, 1020. Whether or not a refusal to pay is arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action. Id.
After reviewing the record, this Court cannot conclude that the trial court erred in finding that Allstate acted in an arbitrary and capricious manner. The record indicates that Mr. Starr investigated the possibility of renting a substitute Jaguar for his wife, but decided to rent a Nissan Armada because the latter was approximately twenty dollars cheaper per day. No representative from Allstate tried to *682 contact Mr. Starr or direct him to a particular rental agency, nor did any Allstate representative object to Mr. Starr’s rental of the Armada. After Allstate disputed the invoice’s reasonableness, it sent a check marked “full and final payment” to Car Truck. Mr. Starr then paid the invoice in full in order to avoid litigation with Car Truck and requested that Allstate tender the portion of the bill which it felt was due and owing. Allstate refused to do so for approximately eight months and only tendered a $3020 check in anticipation of a scheduled trial date. The trial judge found that Allstate’s failure to tender the portion of the bill which it felt was due and owing for eight months was arbitrary and capricious.
We note that when a reasonable disagreement exists between the insured and the insurer as to the rental obligation, the insurer’s refusal to pay is not arbitrary or capricious. See, e.g., Wiley v. Safeway Ins. Co., 99-161 (La.App. 3 Cir. 7/14/99), 745 So.2d 636, 641. However, in this case, Allstate knew that it owed at least $3020 to the Starrs, as that was the amount tendered to Car Truck as a supposed “full and final payment.” Allstate acknowledges that it submitted the first $3020 check to Car Truck based on what it believed to be a reasonable rental rate of forty dollars per day. There may have been a reasonable dispute as to the balance of the |12Car Truck invoice, but there was certainly not a reasonable dispute as to the $3020 Allstate marked as “full and final payment.” This Court finds that the trial court’s holding that Allstate’s failure to tender the undisputed portion of the invoice for eight months after a request by Mr. Starr was not manifestly erroneous.
Allstate’s final argument pertaining to La. R.S. 22:658 is that the Starrs did not prove that their deprivation of the Jaguar’s use was a “direct consequence of the inactions of the insurer.” Specifically, Allstate argues that the Starrs suffered loss of the Jaguar’s use due to a collision with Jennifer Brou and that the Starrs submitted no evidence at trial that the loss of use was a consequence of Allstate’s inaction. We agree.
The first sentence of La. R.S. 22:658(B)(4) provides that when a third party claimant is deprived of the use of a personal vehicle for more than five days as “a direct consequence of the inactions of the insurer,” the insurer must pay the third party all reasonable expenses associated with the deprivation. The second sentence of La. R.S. 22:658(B)(4) provides that an insurer’s failure to make “such payment” shall subject it to penalties and attorney fees if the insurer was arbitrary, capricious, or without probable cause. Thus, to take advantage of the second sentence of La. R.S. 22:658(B)(4), the third party claimant must have been deprived of the use of a personal vehicle through the direct consequence of an insurer’s inaction.
In this case, Allstate has committed no inaction. The only dispute in the case pertains to the reasonableness of the Armada rental fee and the trial court’s award of penalties and fees. There is no indication in the record that Allstate did not promptly pay the Paretti bill for the damage to the Jaguar’s rear bumper or that Allstate contributed in any way to the loss of the Jaguar’s use. Allstate did dispute the invoice’s reasonableness, but only after the Jaguar had been repaired. Allstate | ):)also required that the Starrs use Paretti for the repairs, however, Paretti’s laxity in repairing the Jaguar’s bumper is irrelevant as it is not an “insurer.”
The Third Circuit addressed a similar factual situation in Roberts v. Chargois, 1998-1073 (La.App. 3 Cir. 2/24/99), 736 So.2d 910. In Roberts, the plaintiff was involved in an accident after which her *683 vehicle was immediately adjusted as a total loss. The defendant’s insurer paid for the vehicle damage approximately six weeks later. Roberts, 736 So.2d at 911. The plaintiff had rented a car for more than two months, and submitted an invoice to the defendant’s insurer in the amount of $2419.38 to cover the cost of the rental. Id. The insurer disputed the rental claim on the basis that the purported invoice was only an estimate and that the invoice was prepared in the name of the insured’s mother-in-law rather than the insured herself. Id. The trial court found the insurer liable for the entire rental invoice and awarded the plaintiff $1000 in penalties and $250 in attorney fees pursuant to La. R.S. 22:658(B)(4). Id. at 912. The Third Circuit affirmed the award of the entire invoice but reversed the award of penalties and fees on the basis that the plaintiffs deprivation of her vehicle was not a direct consequence of the inaction of the insurer. Id. at 913. The court noted that the insurer “adjusted [the plaintiffs] property damage claim in a reasonable and timely manner, its actions did not contribute to [the plaintiffs] need for a rental; therefore, it is not subject to the penal provisions in second sentence of La. R.S. 22:658(B)(4).” Id. at 912. The court also noted that the plaintiff had “not alleged any undue delay in the investigation or payment of her property damage claim.” Id. at 913. This is also true in the instant case, except as it pertains to the Jaguar’s rearview mirror, which did not deprive the Starrs of the Jaguar’s use.
Other cases illustrate the same point. For example, in Collins v. Bentley, 24,457 (La.App. 2 Cir. 10/26/94), 645 So.2d 283, the plaintiffs vehicle was struck 114by another vehicle, and the plaintiff called the defendant’s insurer next day to report the accident. Collins, 645 So.2d at 284. The plaintiff also tried repeatedly to contact the defendant’s insurer to verify coverage but was only able to do so thirty-five days after the accident, after which her car was appraised and a rental car obtained. Id. After the plaintiffs car was repaired, the garage refused to release the vehicle unless the plaintiff paid beforehand, which she was financially unable to do. Id. The defendant’s insurer refused to tender full payment for the repairs, even though it had authorized the repairs in full. Id. at 285. The trial court held that the insurer was liable for rental costs and storage fees up to the date of trial and the Second Circuit affirmed, noting that the insurer “failed to verify coverage or appoint an appraiser until more than one month after the accident [and] failed to pay for the repairs after authorizing them to be made.” Id.
Accordingly, we hold that the Starrs have not shown that their deprivation of the Jaguar’s use was due to a “direct consequence of the inactions of the insurer” and that the trial court erred in awarding the Starrs attorney fees pursuant In La. R.S. 22:658(B)(4).
Maximum Penalty
Allstate’s final argument in its assignment of error alleges that the maximum penalty in this case should have been $1000 under La. R.S. 22:658(B)(4). We need not address the argument, as we hold that the Starrs were not entitled to penalties under La. R.S. 22:1220(0 or attorney fees under La. R.S. 22:658(B)(4).
Conclusion and Decree
For the reasons stated herein, the judgment of the trial court granting the Starrs $2500 in penalties for Allstate’s violation La. R.S. 22:1220(B)(5) is reversed. The judgment of the trial court granting the Starrs $2500 in attorney fees for Allstate’s violation of La. R.S. 22:658(B)(4) is reversed. In all other respects, |1sthe judg- *684 merit of the trial court is affirmed. Costs assessed equally to Allstate and the Starrs.

AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

. La. R.S. 22:1220 does not provide for an award of attorney fees.